KEITH A. JACOBY, Bar No. 150233
kjacoby@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

ANDREW M. SPURCHISE, Bar No. 245998
aspurchise@littler.com
KEVIN R. VOZZO, Bar No. 288550
kvozzo@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York  10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719

SOPHIA BEHNIA, Bar No. 289318
sbehnia@littler.com
EMILY E. O'CONNOR, Bar No. 279400
eoconnor@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California  94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Respondent
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO ABADILLA, ET AL.,<br><br>  Petitioners,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.<br><br>  Respondent. | Case No.  3:18-cv-07343-EMC<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PETITIONERS' MOTION TO COMPEL ARBITRATION**<br><br>Complaint Filed: December 5, 2018<br>Trial Date:  None set |

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

Case No. 3:18-cv-07343-EMC

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND AND RELEVANT FACTS ..................................................................... 3

    A. The underlying arbitration proceedings ................................................................... 3

        1. Keller Lenkner belatedly seeks approval to appear *pro hac vice* ..................... 4

        2. JAMS stays all California arbitrations ................................................................ 5

        3. Petitioners refuse to engage in good-faith discovery ......................................... 5

        4. Petitioners refuse to submit their dispute to arbitration ..................................... 6

    B. Keller Lenkner is sued for false advertising ............................................................. 6

    C. Keller Lenkner is disqualified in *Diva Limousine* .................................................... 7

III. STATEMENT OF ISSUES TO BE DECIDED ................................................................... 8

IV. ARGUMENT ....................................................................................................................... 8

    A. Petitioners' dispute must be decided in arbitration ................................................... 8

    B. If the Court does not order Petitioners to submit their dispute to JAMS, the motion should be denied as premature ...................................................................... 9

        1. Uber should not be required to pay filing fees for California arbitrations unless and until the stay of proceedings is lifted, and Keller Lenker is authorized to appear *pro hac vice* ..................................... 10

        2. Uber should not be required to pay filing fees before JAMS makes a determination with respect to Keller Lenkner and Larson O'Brien's potential disqualification ................................................................................ 11

        3. Uber should not be required to pay filing fees until it is given an opportunity to conduct discovery into whether, and to what extent, Larson O'Brien and Keller Lenkner have in fact been retained to represent Petitioners ................................................................................... 11

        4. Uber should not be required to pay filing fees for all 12,501 arbitrations at this time given Keller Lenkner's inability to manage the parties' existing arbitrations .................................................................... 12

    C. Even if the Court finds that Uber must remit additional fees at this time, Uber should only be required to remit its respective portion of the filing fee for each demand ..................................................................................................................... 13

V. CONCLUSION .................................................................................................................. 14

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

i.
TABLE OF CONTENTS

Case No. 3:18-cv-07343-EMC

**TABLE OF AUTHORITIES**

**PAGE**

**Cases**

*Abarca et al. v. Lyft, Inc.*,
   Case No. 3:18-cv-07502 (N.D. Cal.) ..................................................................................5

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
   24 Cal. 4th 83 (2000) .........................................................................................................13

*Brown v. Keller Lenkner, LLC*,
   Case No. 1:18-cv-12423-NMG (D. Mass. 2018).......................................................*passim*

*Brown v. Luxottica Retail N. Am., Inc.*,
   2010 U.S. Dist. LEXIS 104642 (N.D. Ill. Sept. 29, 2010) ................................................13

*Carrizosa v. Stassinos*,
   2006 WL 2529503 (N.D. Cal., Aug. 31, 2006) .................................................................12

*Clarke v. Am. Commerce Nat'l Bank*,
   974 F.2d 127 (9th Cir. 1992) .............................................................................................12

*Diva Limousine, Ltd. v. Uber Techs., Inc.*,
   Case No. 3:18-cv-05546-EMC (N.D. Cal.) ....................................................1, 2, 5, 7, 11

*French v. Merrill Lynch*,
   784 F.2d 902 (9th Cir. 1986) .............................................................................................10

*Fusco v. Plastic Surgery Ctr., P.A.*,
   2016 WL 3077843 (D. Me. May 31, 2016) ......................................................................14

*In re Halliburton Co.*,
   80 S.W.3d 566 (Tex. 2002) ...............................................................................................13

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
   No. 17-1272, 586 U.S. __ (2019)........................................................................................8

*Howard v. Anderson*,
   36 F. Supp. 2d 183 (S.D.N.Y. Feb. 17, 1999)...................................................................14

*Jaworski v. Ernst & Young US LLP*,
   441 N.J. Super. 464 (2015) ................................................................................................13

*Mohamed v. Uber Techs., Inc.*,
   848 F.3d 1201 (9th Cir. 2016) ..................................................................................8, 9, 13

*Mumin v. Uber Techs., Inc.*,
   239 F. Supp. 3d 507 (E.D.N.Y. 2017) .................................................................................8

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

ii.
TABLE OF AUTHORITIES

Case No. 3:18-cv-07343-EMC

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

*O'Connor v. Uber Techs., Inc.*,
  904 F.3d 1087 (9th Cir. 2018) ..................................................................................................8

*Rent-A-Center, W., Inc. v. Jackson*,
  561 U.S. 63 (2010) ....................................................................................................................8

**Statutes**

9 U.S.C. §§ 10, 11 ..........................................................................................................................10

California Code of Civil Procedure § 1282.4(c)(8) ...................................................................5, 10

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

iii.
TABLE OF AUTHORITIES

Case No. 3:18-cv-07343-EMC

## I. INTRODUCTION

Larson O'Brien LLP ("Larson O'Brien") seeks an order directing Uber Technologies, Inc. ("Uber") to immediately pay over ***$18,000,000*** in filing fees for arbitrations initiated by Keller Lenkner, LLC ("Keller Lenkner"). It is unclear on what basis Larson O'Brien seeks this order, as the firm has not appeared as counsel of record in any of the 12,501 arbitrations at issue. Keller Lenkner, however, is the same firm recently disqualified from representing the plaintiff in *Diva Limousine, Ltd. v. Uber Techs., Inc.*, Case No. 3:18-cv-05546-EMC (N.D. Cal.). Irrespective of the confusing manner in which this petition has been raised with the Court, the motion to compel arbitration is meritless and fails for several reasons.

Most critically, Petitioners' motion is not properly before the Court. The arbitration provisions in the December 11, 2015 Rasier, LLC Technology Services Agreement (the "Rasier Agreement") and August 26, 2016 Portier, LLC Technology Services Agreement (the "Portier Agreement") require the parties to resolve questions of arbitrability in arbitration. It is well established law in the Ninth Circuit that when a contract delegates the arbitrability question to an arbitrator, a court may not override the contract. JAMS is actively involved in addressing the concerns raised by Petitioners in this action. As discussed below, the crux of Petitioners' motion is a dispute with regard to the payment of the initial JAMS filing fee. Petitioners have refused to pay their respective portion of the filing fee needed to initiate arbitration, and have likewise refused to have a JAMS arbitrator decide the issue. Petitioners should not be allowed to manufacture a dispute over fees, and then eschew the very forum in which they agreed to resolve that dispute. Accordingly, the Court should deny Petitioners' motion, and order them to submit their dispute to JAMS for resolution.

If the Court does not order Petitioners to resolve their dispute in arbitration, their motion should be denied as premature, as several critical threshold issues remain unsettled.

First, despite the fact that Keller Lenkner seeks to litigate more than ***8,500*** arbitrations in California, the firm has not yet received authorization to appear *pro hac vice* in even a single arbitration. In fact, Keller Lenkner failed to even apply for *pro hac vice* admission until nearly ***five months*** after initiating arbitration. Uber opposed the firm's applications on several grounds, and

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

1.

Case No. 3:18-cv-07343-EMC

JAMS has temporarily stayed all California arbitrations (including the obligation to pay filing fees) until the challenge is resolved. Accordingly, Uber should not be required to pay filing fees for any of the California arbitrations unless and until the stay is lifted, and Keller Lenkner is authorized to appear *pro hac vice*.

Second, just as this Court disqualified Keller Lenkner in *Diva Limousine*, JAMS may ultimately disqualify Keller Lenkner and Larson O'Brien (by virtue of the firm's association with Keller Lenkner) from representing Petitioners due to the Warren Postman conflict. Because the firms' ability to represent Petitioners will impact the continuing viability of the underlying arbitrations, this issue should be resolved in arbitration before Uber is required to remit any additional fees.

Third, the extent to which Larson O'Brien and Keller Lenkner have in fact been retained by some or all of the 12,501 Petitioners remains unclear. Indeed, one of the ***very same*** individuals Larson O'Brien purports to represent here has filed a putative class action ***against*** Keller Lenkner seeking to void the firm's fee agreements with drivers. *See Brown v. Keller Lenkner, LLC*, Case No. 1:18-cv-12423-NMG (D. Mass. 2018). The plaintiff in *Brown* asserts that Keller Lenkner used misleading "bait and switch" tactics to trick him and thousands of other drivers into engaging the firm to represent them in filing the arbitration demands at issue here, when they believed they were signing-up to receive settlement proceeds from another action. Against this backdrop, Uber should not be required to pay filing fees for all 12,501 arbitrations without confirmation that Larson O'Brien and Keller Lenkner do in fact represent Petitioners, and have authority to proceed on their behalf.

Beyond these issues, Keller Lenkner has also demonstrated it lacks the capacity to manage thousands of individual arbitrations simultaneously. In fact, the firm has had difficulty managing even the 47 arbitrations that have proceeded to the initial arbitration management conference call stage. If the firm cannot properly manage the existing arbitrations, there is no basis to demand immediate payment of the filing fees for all 12,501 individual arbitrations.

In short, while Petitioners contend Uber is forcing them to "languish[] in arbitration purgatory," it is in fact Petitioners and their counsel who are unable to proceed, or otherwise

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

2.

Case No. 3:18-cv-07343-EMC

unwilling to do so through the proper channels. For these reasons, and those set forth below, Petitioners' motion should be denied.

## II. BACKGROUND AND RELEVANT FACTS

### A. The underlying arbitration proceedings

Petitioners began filing individual arbitration demands against Uber on or around August 18, 2018. In their demands, Petitioners contend they were misclassified as independent contractors, and assert various wage and hour claims against Uber. (Declaration of Sophia Behnia in Opposition to Petitioners' Motion to Compel Arbitration ["Behnia Decl."], ¶ 2.) A total of 12,501 arbitration demands have been filed to date.[1] (*Id*.) Although Larson O'Brien purports to represent Petitioners in the instant action, the firm has not appeared in any of the 12,501 arbitrations. Rather, Keller Lenkner is the only counsel of record in the underlying individual arbitration proceedings. (*Id*.) More than 8,500 Petitioners seek to arbitrate claims in California. (*Id*.)

Petitioners accepted the Rasier and/or Portier Agreements, both of which contain arbitration provisions. (Petition, ¶ 9.) The arbitration provisions provide that Petitioners will "not be required to bear any type of fee or expense that [they] would not be required to bear if [they] had filed the action in a court of law … [and that] [a]ny disputes in that regard will be resolved by the Arbitrator as soon as practicable after the Arbitrator is selected..." (Rigali Decl., Exhs. A, B, Section 15.3(vi).)

Petitioners have refused to pay any filing fees associated with the arbitrations. (Behnia Decl., ¶ 3.) Although Uber offered to cover $1,100.00 of the total $1,500.00 filing fee for each of the 12,501 arbitrations – meaning that Petitioners only would have had to bear the $400.00 fee claimants must typically pay to initiate "employment" arbitrations with JAMS – Petitioners rejected Uber's proposal. (*Id*.) This $400.00 fee is consistent with the amount Petitioners would have had to pay if they had brought their claims in court. (*Id*.)

In response to Petitioners' intransigence on paying their respective portion of the filing fees, and to avoid the gamesmanship now on display by Petitioners in this proceeding, Uber paid in full the initial filing fees for 296 arbitrations, and the parties have selected a JAMS arbitrator in 150 of

---

[1] This figure does not account for approximately 38 demands that have been withdrawn. (*See* Rigali Decl., ¶ 3; Behnia Decl., ¶ 2.)

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION     3.     Case No. 3:18-cv-07343-EMC

them.  (Behnia Decl., ¶ 3.)  Four Keller Lenkner attorneys – Warren Postman, Tom Kayes, Marquel Reddish, and Ashley Keller – have participated in the arbitration proceedings.  (*Id*. at ¶ 4.)  None of the attorneys from the Larson O'Brien firm have appeared or participated in the arbitration proceedings.  For at least two months prior to Larson O'Brien's commencement of this action, Keller Lenkner had not raised any concerns with respect to the pace at which arbitration proceedings were progressing.  (*Id*.)  In fact, Keller Lenkner has had difficulty managing even the 47 arbitrations that have proceeded to the initial arbitration management conference call stage.

By way of example, on December 7, 2018 Keller Lenkner submitted a list to JAMS purporting to identify the proposed arbitrators the firm wished to strike for 296 of the California arbitration cases. (Behnia Decl., ¶ 5.)  In response, JAMS informed Keller Lenkner that its strike list was deficient as Keller Lenkner had failed to identify any strikes for five cases.  (*Id.*, Exh. A.)  Several days later Keller Lenkner provided the requested information.  (*Id*.)  Similarly, during a December 12, 2018 arbitration management call regarding the *Terri Mullin v. Uber Technologies, Inc.* arbitration pending before Judge Richard McAdams (Ret.), the parties discussed the briefing and hearing schedule for Uber's anticipated motion to disqualify Mr. Postman and Keller Lenkner.  (*Id*.) The parties agreed to complete briefing by January 28, 2019, and Judge McAdams suggested February 2019 for oral argument. Keller Lenkner stated that they were unable to attend a hearing in February 2019 due to scheduling conflicts such as other trials/hearings/conferences and the fact that Mr. Kayes and Mr. Postman were preparing to take the California bar exam scheduled for February 2019. (*Id*.) While Keller Lenkner only made mention of Mr. Kayes and Mr. Postman preparing for the bar exam, the firm nevertheless was unable or unwilling to identify another attorney from the firm able to attend a single motion hearing in February 2019. (*Id*.) Ultimately, the hearing on Uber's motion to disqualify was set for ***April 2019*** to accommodate Keller Lenkner's scheduling conflicts. (*Id*., Exh. B.)  As the motion to disqualify is a gating item for all other matters, Keller Lenkner's delay has impaired Uber's ability to have the instant filing fee dispute heard by the arbitrator.  (*Id*.)

### 1. Keller Lenkner belatedly seeks approval to appear *pro hac vice*

On December 17, 2018 – nearly five months after commencing arbitration proceedings and only after Uber raised the issue – two Keller Lenkner attorneys applied to appear *pro hac vice* in 40

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

4.

Case No. 3:18-cv-07343-EMC

of the California arbitrations.  (Behnia Decl., ¶ 6.)  Uber opposed the applications on several grounds.  Uber asserted, among other things, that the Keller Lenkner attorneys cannot certify that they are not "regularly engaged in substantial business, professional, or other activities in the State of California," as required by California Code of Civil Procedure section 1282.4(c)(8), given that they seek to litigate *thousands* of individual cases in arbitration, as well as two putative class action cases in California.[2]  (*Id*., Exhs. C, D.)  As far as Uber's counsel is aware, the other two Keller Lenkner attorneys who have participated in the arbitration proceedings are not admitted to practice in California and have not filed *pro hac vice* applications.  Hence, none of the Keller Lenkner team is authorized to represent their purported clients in the California arbitration proceedings.  (*Id*.)

### 2. JAMS stays all California arbitrations

On December 17, 2018, JAMS appointed Richard E. Posell as a Hearing Officer to hear and make recommendations to the JAMS National Arbitration Committee on Uber's challenge to Keller Lenkner's *pro hac vice* applications.  (Behnia Decl., ¶ 7, Exh. E.)  That same day, Hearing Officer Posell temporarily stayed all California arbitration proceedings (including the obligation to pay any filing fees), pending resolution of the dispute over Keller Lenkner's applications to appear *pro hac vice*.  (*Id*., Exh. F.)  Hearing Officer Posell has taken the matter under submission, and the California arbitrations are currently stayed.  (*Id*.)  Keller Lenkner subsequently objected to the stay, and asked JAMS to "confirm that Uber is required to pay all unpaid filing fees and retainers for the remaining California claimants" before the *pro hac vice* process is complete.  In response, JAMS reiterated that all California arbitration proceedings (including the obligation to pay filing fees) were stayed.  (*Id*. at ¶ 8, Exh. G.)

### 3. Petitioners refuse to engage in good-faith discovery

On or around December 19, 2018, Uber requested to conduct limited discovery relating to: (i) Larson O'Brien and Keller Lenkner's representation of the 12,501 individual Petitioners; and (ii) whether Larson O'Brien is in possession of Uber's confidential information by virtue of its

---

[2] *See Diva Limousine v. Uber Techs., Inc.*, Case No. 3:18-cv-05546 (N.D. Cal.); *Abarca et al. v. Lyft, Inc.*, Case No. 3:18-cv-07502 (N.D. Cal.).

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION         5.         Case No. 3:18-cv-07343-EMC

association with Keller Lenkner. (Behnia Decl., ¶ 9, Exh. H.) Larson O'Brien refused, choosing instead to move forward with its petition to compel arbitration. (*Id.*)

### 4. Petitioners refuse to submit their dispute to arbitration

On or around December 20, 2018, Uber proposed – consistent with the plain terms of the Rasier and Portier Agreements – that the parties submit the filing fee dispute to JAMS for resolution. (Behnia Decl., ¶ 10.) More specifically, Uber proposed that Petitioners dismiss the *Abadilla* action and allow an arbitrator decide the issue of whether Uber is required to bear the initial filing fee claimants must typically pay to initiate arbitration with JAMS. (*Id.*) Under the proposal, Uber then would have paid the remaining arbitration fees and costs as invoiced by JAMS. (*Id.*) Larson O'Brien rejected Uber's proposal. (*Id.*, Exh. I.)

### B. Keller Lenkner is sued for false advertising

On November 20, 2018, Derrick Brown – a driver purportedly represented by Larson O'Brien in this case, and Keller Lenkner in the underlying arbitrations – filed a putative class action against Keller Lenkner on behalf of himself and other drivers who entered into fee agreements with the firm. (Request for Judicial Notice ("RJN"), Exh. 1; *Brown v. Keller Lenkner, LLC*, Case No. 1:18-cv-12423-NMG (D. Mass. 2018).) Brown asserts false advertising claims, and violations of the Massachusetts Consumer Protection Law, in connection with Keller Lenkner's efforts to engage him and other drivers as clients.

More specifically, Brown alleges that Keller Lenkner created advertisements that referenced a $20 million fund established as a result of a lawsuit filed by the Federal Trade Commission ("FTC") against Uber, and represented that Keller Lenkner could assist drivers in obtaining monetary compensation. (*Brown* Complaint, ¶¶ 2-4.) Drivers who responded to the advertisements and engaged Keller Lenkner entered into fee agreements that make no mention of the $20 million fund, or the FTC lawsuit, and instead state that the client is engaging Keller Lenkner "to pursue on behalf of the client in arbitration, 'claims for unpaid wages, expense reimbursement, and related claims against Uber Technologies, Inc. and its affiliates." (*Id.* at ¶¶ 8-14.)

Brown further alleges that Keller Lenkner's advertisement "constitutes a classic 'bait and switch' tactic whereby Defendants use the existence of the FTC court action and the Fund to bait

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

6.

Case No. 3:18-cv-07343-EMC

Uber drivers into engaging Defendants' services to assist them in pursuing unrelated wage claims in an arbitration forum." (*Brown* Complaint, ¶ 27.)  Brown also alleges that the Keller Lenkner advertisement is false and misleading because it "fails to disclose that [Warren Postman's] work with Uber and his involvement with Plaintiff and the Class under the Fee Agreement (a) presents an irreconcilable conflict of interest; and (b) resulted in Uber informing Keller during the summer of 2018 that it would move to disqualify Keller from its representation of any Uber drivers in any actions or proceedings against Uber." (*Id.* at ¶ 32.)  Among other things, Brown seeks an order rescinding putative class members' fee agreements with Keller Lenkner, and declaring the agreements null and void.[3]  (*Id.* at ¶¶ 90-91.)

### C.  Keller Lenkner is disqualified in *Diva Limousine*

On January 9, 2019, in *Diva Limousine v. Uber Techs., Inc.*, Case No. 3:18-cv-05546-EMC, this Court granted Uber's motion to disqualify Keller Lenkner and Mr. Postman from representing a plaintiff asserting claims against Uber predicated on independent contractor misclassification.  In granting Uber's motion, the Court found that "Mr. Postman owed a duty of confidentiality to Uber." The Court determined that "it is reasonably likely that Uber disclosed to the Chamber, *e.g.*, facts about how driver classification impacts its business model and legal strategies relating to driver classification," and that "it is reasonable to expect that Mr. Postman and Uber 'discussed Uber's independent contractor business model' and shared 'legal analyses and strategies related to the classification issue.'" (RJN, Exh. 2, Order Granting Defendants' Motion to Disqualify, *Diva Limousine*, No. 3:18-cv-05546, pp. 11, 17-18.)

Uber maintains that Keller Lenkner should be disqualified from representing Petitioners in arbitration for the same reasons the firm was disqualified in *Diva Limousine*.[4]  If Larson O'Brien received Uber's confidential information from Keller Lenkner and/or Warren Postman, they too should be disqualified.  Uber intends to move forward with its disqualification motions if and when

---

[3] Consistent with the allegations in *Brown*, dozens of claimants have already withdrawn their arbitration demands. (*See* Rigali Decl., ¶ 3.)

[4] Given the briefing Uber submitted on this issue in *Diva Limousine*, and the thorough analysis in this Court's January 9, 2019 order, Uber does not restate its position in depth here.

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

7.

Case No. 3:18-cv-07343-EMC

1  the stay of arbitration proceedings is lifted.  (Behnia Decl., ¶ 11.)

### III. STATEMENT OF ISSUES TO BE DECIDED

Whether Petitioners' motion to compel arbitration should be dismissed on the basis that the filing fee dispute should be resolved in arbitration, as both the Rasier and Portier Agreements require, and if not: (i) whether Petitioners' motion should be denied as premature, as several critical threshold questions relating to Larson O'Brien and Keller Lenkner's ability to ethically represent Petitioners remain unanswered, and (ii) whether Petitioners can evade their obligation to pay their respective portion of the filing fee needed to initiate arbitration when that amount is no greater than the costs they would have incurred had they brought their claims in court.

### IV. ARGUMENT

#### A. Petitioners' dispute must be decided in arbitration

"An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010).  Accordingly, when a "contract delegates the arbitrability question to an arbitrator, a court may not override the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, No. 17-1272, 586 U.S. __ (2019) (rejecting "wholly groundless" exception to arbitrability of gateway questions).  In fact, the "court possesses no power to decide the arbitrability issue," even if it believes that a party's assertion that the agreement applies to the underlying dispute is "wholly groundless." *Id*.  So long as the parties have clearly and unmistakably agreed, questions of arbitrability must be resolved by the arbitrator in the first instance.  *See Mohamed v. Uber Techs., Inc*., 848 F.3d 1201, 1209 (9th Cir. 2016) (enforcing delegation clause that "clearly and unmistakably delegated the question of arbitrability to the arbitrator for all claims except challenges to the class, collective, and representative action waivers in the 2013 Agreement"); *see also O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1093 (9th Cir. 2018) ("based on our decision in *Mohamed*, the district court's orders denying Uber's motions to compel arbitration must be reversed"); *Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 524-25 (E.D.N.Y. 2017) ("The court finds that Uber, Plaintiff Mallh, and Plaintiff Martinez intended to delegate questions of arbitrability to an arbitrator, and therefore any challenge

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

8.

Case No. 3:18-cv-07343-EMC

to the scope, enforceability, or applicability of the Arbitration Provision is for an arbitrator to resolve in the first instance").

In this case, as Petitioners concede, both agreements relevant to this dispute contain arbitration provisions requiring the parties to submit questions of arbitrability to the arbitrator. As stated in Section 15.3(i) of the Rasier and Portier Agreements, except with respect to disputes involving the "Class Action Waiver" and "PAGA Waiver," all "disputes arising out of or relating to," among other things, the "interpretation" or "application" of the arbitration provisions must be "decided by an Arbitrator and not by a court or judge."[5] (Rigali Decl., Exhs. A, B.)

In *Mohamed*, the Ninth Circuit found virtually identical delegation language to be clear and unmistakable evidence of the parties' intent to delegate questions of arbitrability. 848 F.3d at 1209. Accordingly, except with respect to disputes involving the "Class Action Waiver" and "PAGA Waiver," all questions of arbitrability – including the interpretation or application of the arbitration provision – must be decided in arbitration. Petitioners' motion raises such a question. The Court should therefore order Petitioners to submit their dispute to JAMS for resolution.

**B.   If the Court does not order Petitioners to submit their dispute to JAMS, the motion should be denied as premature**

To the extent the Court is inclined to address the merits of Petitioners' motion (which it should not because the delegation clause in the parties' arbitration provisions is clear and unmistakable, and virtually identical to delegation language enforced by the Ninth Circuit), it should deny the motion as premature. As set forth below, several critical threshold issues relating to Larson O'Brien and Keller Lenkner's ability to ethically represent Petitioners should be resolved before Uber is required to pay any additional fees.

---

[5] Both Agreements also state that fee disputes must be resolved in arbitration. Section 15.3(vi) provides that Petitioners will "not be required to bear any type of fee or expense that [they] would not be required to bear if [they] had filed the action in a court of law … [and that] [a]ny disputes in that regard will be resolved by the Arbitrator as soon as practicable after the Arbitrator is selected..." (Rigali Decl., Exhs. A, B.)

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

9.

Case No. 3:18-cv-07343-EMC

**1. Uber should not be required to pay filing fees for California arbitrations unless and until the stay of proceedings is lifted, and Keller Lenker is authorized to appear *pro hac vice***

As explained above, more than **8,500** of the 12,501 Petitioners seek to arbitrate claims in California. However, Keller Lenkner has not yet received authorization to appear *pro hac vice* in a single California arbitration. In fact, Keller Lenker's attorneys did not even apply to appear *pro hac vice* until December 2018, nearly five months after first initiating arbitration. And even then, they only applied to appear *pro hac vice* in 40 of the 8,548 California arbitrations.

Moreover, the applications the firm did submit are deficient in several respects. Most critically, given that they seek to litigate *thousands* of individual cases in arbitration, as well as two putative class action cases in California, the Keller Lenkner attorneys cannot certify that they are not "regularly engaged in substantial business, professional, or other activities in the State of California," as required by Section 1282.4(c)(8).[6] In addition, although four Keller Lenkner attorneys, including Mr. Postman, have participated in the California arbitration matters thus far, only two attorneys (Mr. Kayes and Ms. Reddish) have applied for approval to appear in arbitration. Finally, Keller Lenkner appears to have failed to tender the requisite $50.00 filing fee for each California arbitration. (Behnia Decl., ¶ 6.)

Uber opposed Keller Lenkner's applications to appear *pro hac vice* on these grounds, and all California arbitrations (including the obligation to pay any filing fees) are currently stayed pending resolution of that challenge by Hearing Officer Posell. (Behnia Decl., Exhs. C-G.) Petitioners have not moved to vacate the order staying proceedings, and there is no basis for the Court to do so now. *See generally French v. Merrill Lynch*, 784 F.2d 902, 906 (9th Cir. 1986) ("An arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law"); 9 U.S.C. §§ 10, 11. Accordingly, Uber should not be required to pay filing fees for any California arbitrations unless and until the stay is lifted, and Keller Lenkner receives authorization to appear *pro hac vice*.

---

[6] As the Rasier and Portier Agreements make clear, each arbitration is a separate and distinct case. Thus, by any measure, Keller Lenkner's stated intent to litigate *thousands* of arbitrations in California constitutes regular engagement in substantial business activity in the state.

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION    10.    Case No. 3:18-cv-07343-EMC

**2. Uber should not be required to pay filing fees before JAMS makes a determination with respect to Keller Lenkner and Larson O'Brien's potential disqualification**

As discussed above, Uber maintains that Keller Lenkner, and Keller Lenkner attorney Warren Postman, should be disqualified from representing Petitioners in arbitration for the same reasons the firm was disqualified in *Diva Limousine*. Just as in *Diva Limousine*, Petitioners' claims directly challenge drivers' independent contractor status. And as this Court already found, "it is reasonable to expect that Mr. Postman and Uber 'discussed Uber's independent contractor business model' and shared 'legal analyses and strategies related to the classification issue.'" (RJN, Exh. 2, pg. 18.) Accordingly, Uber intends to file a motion with JAMS seeking to disqualify the firm from representing Petitioners if and when the stay of proceedings is lifted.

Uber is also concerned that Larson O'Brien, by virtue of its association with Keller Lenkner, may have received confidential information from the firm and/or Mr. Postman. However, as stated above, Larson O'Brien has rejected Uber's good-faith requests to conduct limited discovery into this issue. If the Court does not order Petitioners to resolve this dispute in arbitration, Uber should be given an opportunity to conduct discovery relating to whether, and to what extent, Larson O'Brien received confidential information from Keller Lenkner (particularly if Larson O'Brien intends to represent Petitioners in any of the underlying arbitrations).

Because Keller Lenkner and Larson O'Brien's disqualification would impact the continuing viability of this action and the underlying arbitrations, Uber should not be required to pay any additional filing fees before JAMS makes a determination on this issue.

**3. Uber should not be required to pay filing fees until it is given an opportunity to conduct discovery into whether, and to what extent, Larson O'Brien and Keller Lenkner have in fact been retained to represent Petitioners**

Although Keller Lenkner and Larson O'Brien purport to represent an identical group of drivers, Larson O'Brien fails to provide *any* explanation as to how the firm came to represent those individuals, or the extent of its affiliation with Keller Lenkner. In addition, whether the firms have authority to move forward with some or all of the underlying arbitrations on behalf of Petitioners remains very much in doubt. (RJN Exh. 1, *Brown* Complaint.) Indeed, as stated above, one of the

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

11.

Case No. 3:18-cv-07343-EMC

*very same* individuals Larson O'Brien purports to represent here has filed suit *against* Keller Lenkner, asserting, among other things, that the firm used a "bait and switch" tactic to mislead drivers into engaging the firm to pursue wage and hour claims in arbitration. (*Brown* Complaint, ¶ 27.) The *Brown* lawsuit is a putative class action, and thousands of other drivers may ultimately seek to void their fee agreements with Keller Lenkner. Under these circumstances, before remitting any additional fees, Uber should be given an opportunity to conduct discovery relating to whether Larson O'Brien and Keller Lenkner have in fact been retained to represent all or some of the 12,501 Petitioners, and whether they are currently authorized to move forward with wage and hour arbitrations on their behalf.[7]

### 4. Uber should not be required to pay filing fees for all 12,501 arbitrations at this time given Keller Lenkner's inability to manage the parties' existing arbitrations

As explained above, Keller Lenkner has had difficulty managing the 47 arbitrations that have proceeded to the initial arbitration management conference call stage. For instance, the firm attempted to send arbitrator strikes for 296 arbitrations, but did not include at least five of the strikes. (Behnia Decl., ¶ 5.) Similarly, in the *Mullin v. Uber* matter pending before Judge McAdams (Ret.), Keller Lenkner was not available for oral argument on Uber's motion to disqualify in February 2019 per Judge McAdams' suggestion. (*Id.*) Accordingly, the parties were forced to agree to an April 2019 hearing date. Given that Keller Lenkner appears to lack the capacity to simultaneously manage even 47 arbitrations, there is no basis to require Uber to pay filing fees for all 12,501 arbitrations at this time.[8]

---

[7] Uber may properly seek discovery relating to Larson O'Brien and Keller Lenkner's purported representation of Petitioners. *See Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (communications between attorney and client that concern "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney client privilege"); *Carrizosa v. Stassinos*, 2006 WL 2529503, *3 (N.D. Cal., Aug. 31, 2006) (stating that under Ninth Circuit law, fee agreements generally fall outside the scope of the attorney client privilege). As stated above, Uber maintains that Petitioners' dispute must be resolved in arbitration. However, if the Court is inclined to address the merits of Petitioners' dispute, it should not do so before Uber is given an opportunity to conduct this discovery.

[8] Uber suspects Petitioners will argue that Uber must pay filing fees for all 12,501 arbitrations in full *before* JAMS is able to resolve any of these issues. However, as demonstrated by its appointment of

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

12.

Case No. 3:18-cv-07343-EMC

**C.      Even if the Court finds that Uber must remit additional fees at this time, Uber should only be required to remit its respective portion of the filing fee for each demand**

As Petitioners concede, both the Rasier and Portier Agreements require them to bear filing fees equivalent to what they would pay if they filed their claims in court. (*See* Petition, ¶ 13; *see also* Rigali Decl., Exhs. A-B, Section 15.3(vi) [Petitioners "will not be required to bear any type of fee or expense that [they] would not be required to bear if [they] had filed the action in a court of law"].) However, Petitioners have refused to pay the $400.00 filing fee claimants typically pay when initiating arbitration with JAMS. In doing so, Petitioners have violated the terms of the Rasier and Portier Agreements, and have manufactured the very dispute they contend Uber created. Accordingly, even if the Court finds that Uber must remit additional fees for the 12,501 arbitrations at this time, Uber should only be required to remit its respective portion ($1,100.00) of the total filing fees ($1,500.00) for each demand, as it previously offered to do.

To the extent Petitioners contend Uber is estopped from asserting they are required to bear the $400.00 fee claimants typically must pay when initiating arbitration with JAMS, they miss the mark. Contrary to Petitioners' assertion, Uber never represented in *Mohamed* that it would assume the portion of filing fees for which claimants are responsible when initiating arbitration. Uber merely indicated it would pay for the arbitrator's and the arbitration fees where required by law.

In this case, Uber is not required under the law to bear the $400.00 filing fee, as this is an expense claimants would otherwise bear when bringing an action in court. *See Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 110-11 (2000) ("we conclude that when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court").[9]

---

a Hearing Officer to address Uber's challenge to Keller Lenkner's applications to appear *pro hac vice*, JAMS has various mechanisms that can be used to address threshold issues prior to arbitration.
[9] *See also Brown v. Luxottica Retail N. Am., Inc.*, 2010 U.S. Dist. LEXIS 104642, *14 (N.D. Ill. Sept. 29, 2010) (arbitration agreement enforceable where defendant agreed to pay any filing fee in excess of the amount charged to file a civil case in the relevant jurisdiction unless required to pay more); *In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002) (arbitration provision enforceable where employer agreed to pay all arbitration expenses except for nominal filing fee); *Jaworski v. Ernst & Young US LLP*, 441 N.J. Super. 464, 483 (2015) (mandatory arbitration policy enforceable where policy stated that any portion the employee might pay towards arbitration costs was to be

Accordingly, Petitioners must bear that expense.[10]

## V. CONCLUSION

Petitioners' motion raises a question of arbitrability that the parties clearly and unmistakably agreed to resolve in arbitration. And it is based on a dispute over payment of filing fees that Petitioners have deliberately manufactured. Accordingly, the Court should deny the motion, and order Petitioners to submit their dispute to JAMS for resolution. However, even if the Court is inclined to consider the merits of Petitioners' motion, it should deny the motion as premature, as several critical issues relating to Larson O'Brien and Keller Lenkner's ability to ethically represent Petitioners should be resolved before Uber is required to remit any additional fees. Finally, even if the Court finds that Uber must remit additional fees for the 12,501 arbitrations at this time, Uber should only be required to remit its respective portion ($1,100.00) of the total filing fee ($1,500.00) for each demand, as it previously offered to do.

Dated: January 14, 2019

/s/ Sophia Behnia
SOPHIA BEHNIA
LITTLER MENDELSON, P.C.
Attorneys for Respondent
UBER TECHNOLOGIES, INC.

---

limited by substantive law and arbitration rules, and both AAA's and JAMS' rules limit an employee's financial burden to the initial filing fee, with the employer being responsible for the balance of the costs); *Howard v. Anderson*, 36 F. Supp. 2d 183 (S.D.N.Y. Feb. 17, 1999) (finding that $500.00 filing fee was not a barrier to the vindication of employee's statutory rights, and denying plaintiff's motion to compel defendants to pay almost all filing fees for arbitration); *Fusco v. Plastic Surgery Ctr., P.A.*, 2016 WL 3077843, at *1 (D. Me. May 31, 2016) (explaining that First Circuit cases "hold that examination of the effective vindication issue must await the outcome of the arbitration hearing and the final decision by the arbitral tribunal as to who will pay what" (citing *Thompson v. Irwin Home Equity Corp.*, 300 F.3d 88, 91-92 (1st Cir. 2002) & *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 15-16 (1st Cir. 1999)).

[10] Similarly, although Section 15.3(vi) of the Rasier and Portier Agreements states that Uber "shall bear all the Arbitrator's and arbitration fees until such time as the Arbitrator resolves" the dispute, this provision is intended to cover *bona fide* challenges about a claimant's legal obligation to bear the costs of arbitration. In this case, as discussed above, Uber is not obligated under the law to pay Petitioners' respective portion of the filing fee.

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION

14.

Case No. 3:18-cv-07343-EMC