# EXHIBIT A

| From: | Warren Postman |
|---|---|
| To: | Behnia, Sophia |
| Cc: | Tom Kayes; Spurchise, Andrew M.; Ashley Keller |
| Subject: | Re: Uber matter |
| Date: | Wednesday, September 5, 2018 9:32:34 AM |
| Attachments: | 2018.09.05 - Spreadsheet of Claimant Information[1].xlsx |
| | PORTIER P2P Flow Services Agreement August 31 2016 copy.pdf |
| | RASIER Technology Services Agreement December 10 2015.pdf |
| | 2018.09.05 - California Claimants Demand[1].pdf |
| | 2018.09.05 - Massachusetts Clients Demand[2].pdf |

Sophia,

We have considered Uber's counter-proposal for a process and do not find it acceptable.

Having spent several weeks conferring about an alternative process, we have decided to move ahead with arbitrating our clients' claims without delay. Consistent with your prior agreement to accept electronic service, I am serving you with the attached demands for arbitration on behalf of 857 additional clients in California and 190 clients in Massachusetts. Pursuant to M.G.L. §§ 148 and 148B, the Massachusetts demands name Dara Khosrowshahi, Barney Harford, Thuan Pham, Meghan Joyce, Rachel Holt, Persis Elavia, and Liane Hornsey as defendants. Please let me know whether or not you will be representing these individuals. If so, please let me know whether you will accept the attached electronic service on their behalf. For avoidance of doubt, we are also re-serving in the same manner the original 400 demands I sent to you on August 14, 2018, which contain minor amendments and which we will re-serve on JAMS along with the others.

If you are aware of any clients who have signed an engagement letter with another law firm, we would appreciate you sharing their names so that we can clarify with them how they would like to proceed. You previously stated that some of our clients have signed releases that you believe waive their claims. If any of these clients no longer have an active driver account with Uber and have not driven for Uber since signing the release, please share the release and we will consider withdrawing their demand. For the remaining clients, our view is that statutory rights such as a minimum wage and overtime cannot be waived prospectively by contract. In addition, while you noted that some of our clients are members of the *O'Connor* class, we believe that the bulk of their claims are not covered by *O'Connor*. Accordingly, we will be commencing arbitration for all of those clients. Any disputes on these matters must be resolved by the arbitrators.

With regard to all of the above clients, we do not agree to any non-JAMS arbitrators. We therefore invoke our clients' right to commence arbitration through JAMS and select arbitrators by a strike method. As we explained during our call on August 22, we believe Uber is equitably estopped based on its statements in *Mohamed* from asking a driver to pay any portion of the JAMS filing fee. While I understand that Uber disputes this point, the arbitration agreement states that the "Company shall bear all of the Arbitrator's and arbitration fees until such time as the Arbitrator resolves any such dispute." We hereby demand that Uber pay the full JAMS filing fee for each of the attached clients so that we may commence arbitration.

To the extent Uber argues that arbitrating this many claims will be unworkable, we disagree. We are fully prepared to arbitrate the claims consistent with the JAMS Streamlined Arbitration Rules that

Uber designated in its contract. We will not put our clients' claims on hold because the process that Uber wrote into its contracts is inconvenient for Uber.

If Uber has not paid the JAMS filing fee for each of the above clients by September 17, we will file a motion to compel arbitration in court. We would be willing to discuss settlement at any time. The lines of communication are always open. But we do not see any reason to delay the commencement of arbitration. Uber has spent the last five years arguing in case after case that (1) all disputes arising from the driver agreement must be arbitrated, (2) any threshold disputes regarding whether a claim is arbitrable must themselves be arbitrated, and (3) Uber stands ready to engage in a fast, efficient, and streamlined dispute resolution process with its drivers in arbitration. It is time for Uber to abide by the process it has designed and worked to impose on drivers in dozens of disputes around the country.

Best,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, September 4, 2018 at 11:46 AM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

Warren,

Here is our proposal on the arbitration process and some suggested arbitrators. Let me know your thoughts.

<u>Arbitration Process</u>

- We suggest starting with four individual arbitrations. Each side would pick two claimants from the entirety of the Keller list (excluding those that are not able to proceed due to conflicts – e.g., *O'Connor* or represented by another firm – we are just about done analyzing this for your first 400 or so that you sent to me; we'll need your complete list to do the rest). We would assign the four matters to four different arbitrators. If we cannot agree on arbitrators, we will use the JAMS strike lists.

- The arbitrations will take place where the claimants are located. Uber will not agree to have

all of the arbitrations take place in Chicago.

- After we receive reasoned decisions in all four arbitrations, we will reconvene to determine the appropriate way to proceed. We will likely be able to proceed more quickly, particularly if we group the arbitrations so that each arbitration after the first four involves 3-4 claimants. However, we would still insist that the arbitrator make an individualized decision as to the IC status of each claimant. We may also be open to assigning new claimants to the arbitrators who adjudicated the first four matters.

- The arbitrations will be conducted pursuant to each claimant's operative arbitration provision.

- Uber will not commit to any sort of mediation at this time.

Proposed Arbitrators

- Judge Rebecca Westerfield
- Judge William Cahill
- Judge George King
- Judge Jon Mayeda

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, August 30, 2018 6:38 AM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Thank you Sophia.  Please let me know when we can expect a proposal on process. We made an initial proposal two weeks ago and haven't received any counter-proposal from Uber yet.  We generally prefer the strike method for arbitrator selection, but will consider specific suggestions if we see some indication that Uber is proposing something meaningful beyond the default JAMS process.

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Wednesday, August 29, 2018 at 8:01 PM
**To:** Warren Postman <wdp@kellerlenkner.com>

**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

Thanks. We will review. I can confirm that we will agree to tolling for all of your clients while we work through the terms of the long form tolling agreement, and the details of the logistics of the arbitrations.

Are there any arbitrators you would propose for Uber to consider? It would be helpful to see if we can agree before we resort to strike lists.

Sophia

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 28, 2018 1:52 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Thank you Sophia,

A proposed tolling agreement is attached.  Could you please also give us an ETA on a counter proposal for proceeding with the arbitrations?

Best,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 28, 2018 at 11:40 AM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** Re: Uber matter

Warren,

I'm still waiting on confirmation, but a tolling agreement should be fine. Can you circulate a draft for our review?

Thank you,
Sophia

Sent from my iPhone

On Aug 27, 2018, at 6:11 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

> Sophia, Andrew,
>
> Thank you for the discussion last Wednesday and for agreeing to get back to us with (a)
> a counter proposal on how to proceed with the arbitrations and (b) an answer on
> whether Uber will agree to toll our clients' claims so that we don't need to file them all
> right away. As we noted on the call, we are concerned about letting time drag on
> without progress on these points.  Given that, could you please let me know when you
> expect to get back to us on both fronts?
>
> Best,
>
> **Warren D. Postman**
> Partner
>
> Keller | Lenkner
> 1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
> 202.749.8334 | Website | Email
>
> ---
>
> **From:** "Behnia, Sophia" <SBehnia@littler.com>
> **Date:** Wednesday, August 22, 2018 at 1:40 PM
> **To:** Warren Postman <wdp@kellerlenkner.com>
> **Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M."
> <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
> **Subject:** RE: Uber matter
>
> That's fine. Please send out a conference line – Andrew and I are in different offices.
>
> ---
>
> **From:** Warren Postman [mailto:wdp@kellerlenkner.com]
> **Sent:** Tuesday, August 21, 2018 5:36 PM
> **To:** Behnia, Sophia
> **Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
> **Subject:** Re: Uber matter
>
> Actually, my partner Ashley Keller would like to join. Could we do 1pm your time?
>
> Thanks,
>
> **Warren D. Postman**
> Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

On Aug 21, 2018, at 6:14 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

> Thank you Sophia.  Let's set a specific time to talk.  How about 3pm your
> time tomorrow?
>
> **Warren D. Postman**
> Partner
> Keller | Lenkner
> 1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
> 202.749.8334 | Website | Email
>
> ──────────────────────────────
>
> **From:** "Behnia, Sophia" <SBehnia@littler.com>
> **Date:** Tuesday, August 21, 2018 at 6:53 PM
> **To:** Warren Postman <wdp@kellerlenkner.com>
> **Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M."
> <ASpurchise@littler.com>
> **Subject:** RE: Uber matter
>
> I've looped in Andrew Spurchise who will be leading these arbitrations on
> our side. I am tied up tomorrow at 10 am PST. Let's shoot for later in the
> day. I also owe you a clarification email on the O'Connor issue, which I will
> send as soon as I have a moment.
>
> ──────────────────────────────
>
> **From:** Warren Postman [mailto:wdp@kellerlenkner.com]
> **Sent:** Friday, August 17, 2018 1:03 PM
> **To:** Behnia, Sophia
> **Cc:** Tom Kayes
> **Subject:** Re: Uber matter
>
> Sophia,
>
> In advance of our call on Wednesday (please confirm the time), I
> have included below a proposed framework for an alternative
> arbitration process that does not involve us filing thousands of
> individual arbitrations before JAMS.  This is to get the discussion
> started. We are happy to consider other approaches you might
> suggest in advance of our call Wednesday.
>
> However, if we haven't made meaningful progress toward an

alternative approach by COB Wednesday, we will assert our clients' right to proceed through the JAMS process identified in the arbitration agreement. That process can't start until the JAMS filing fee is paid, and Uber is responsible for the full fee as outlined in our demand letter. Please tell me now if Uber disagrees with this position, as that will be material to our discussions over the next week.

**Framework for Alternative Arbitration Model**

- Bellwether process: Uber and Keller Lenkner select 9 bellwether arbitrations – 3 with drivers from SF, 3 with drivers from LA, and 3 with drivers from Mass.

- Tolling: Uber agrees to toll all related claims for other Uber drivers who are Keller Lenkner clients pending the bellwethers.

- Selecting bellwether plaintiffs: Uber will first identify any Keller Lenkner client whom it believes would not have a claim for unpaid wages even if they were an employee. Keller Lenkner will then identify a list of 20 clients who are willing to serve as a bellwether plaintiff. Uber picks the bellwethers from that list. Bellwether plaintiffs will receive an incentive award of double their recovery in return for their service.

- Arbitrator selection: JAMS will supply a list of 39 arbitrators, all of whom shall be former federal judges. Each side will make alternating strikes, with 15 strikes per side.

- Rules: Arbitrations will be conducted under the Federal Rules of Civil Procedure, but the arbitrator will expedite proceedings and a final award must be issued within one year.

- Location: To facilitate travel from both coasts, the arbitrations will take place in Chicago.

- Post-bellwether mediation: Within 30 days after the conclusion of the 9 bellwethers, the parties will commence non-binding mediation in order to decide on a formula for extrapolating the results of the bellwethers to Keller Lenkner's remaining clients. Keller Lenkner proposes Tony Piazza in San Francisco.

- Post-mediation arbitration: If the parties cannot reach agreement within 30 days after the mediation is commenced, the parties will, within the next 14 days, select a single JAMS arbitrator based on an alternating strike method (10 strikes

each from a list of 21).  Within 30 days of the arbitrator's selection, the parties will simultaneously submit an opening brief proposing a formula for extrapolating the results of the bellwethers to Keller Lenkner's remaining clients.  Within 30 days of the opening briefs, the parties will simultaneously submit a response.  The arbitrator shall issue a final award designating a formula within 30 days, which shall be binding on both sides.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Date:** Thursday, August 16, 2018 at 6:49 PM
**To:** "Behnia, Sophia" <SBehnia@littler.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** Re: Uber matter

Thanks Sophia.  Please do clarify.  We'll call your office line at 10am PT on Wednesday 8/22 unless you prefer a different time and/or number.  Just let me know.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Thursday, August 16, 2018 at 6:38 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** Re: Uber matter

Hi Warren,

That's not entirely accurate. I will draft a clarifying email tomorrow.

A call on Wednesday is fine with me.

Thanks,
Sophia.

Sent from my iPhone

On Aug 16, 2018, at 1:51 PM, Warren Postman
<wdp@kellerlenkner.com> wrote:

> Sophia,
>
> Thanks for talking earlier.  To confirm what we discussed,
> Uber's position is that any drivers who are part of the
> O'Connor class are represented by Liss-Riordan solely by
> virtue of being in the class, Uber will not arbitrate with any
> members of the O'Connor class without the consent of Liss-
> Riordan, and Liss-Riordan will not give consent.
>
> Please confirm if that is correct.
>
> For the remaining drivers who Uber agrees are not
> represented by other counsel, we are willing to discuss some
> form of arbitration outside of JAMS so long as we can do a
> call by Wednesday to discuss.  If we can't talk by
> Wednesday, we do not consent to a non-JAMS arbitrator
> and assert our clients' right to proceed through JAMS with
> Uber paying the full fee.
>
> Please let me know if we can talk by Wednesday and
> whether Uber will pay the full JAMS filing fee if we can't
> reach an agreement on a non-JAMS arbitrator.
>
> Best,
>
> **Warren D. Postman**
> Partner
>
> Keller | Lenkner
> 1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
> 202.749.8334 | Website | Email

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Thursday, August 16, 2018 at 2:54 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Uber matter

Warren,

Let's talk next week. Over 100 of the first 400 you served are already represented by other law firms. I need to finalize that list on my end, and then I will connect you with the other law firms so you all can figure out which firm is going to proceed with representation.

The arbitration agreement is clear that you are not to file with JAMS first. You are to serve on Uber (I will accept service by email), we are to meet and confer regarding arbitrators, and then if we cannot agree on arbitrators, we can go to JAMS for a strike list.  It's possible some of the arbitrators we will agree to will not be affiliated with JAMS so it doesn't make sense to pay filing fees right now. Let's discuss the logistics next week after I have a list of which drivers are represented by multiple firms.

Thanks,
Sophia

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, August 16, 2018 11:46 AM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

Sophia,

Please let me know when you would like to have the call you mentioned on Tuesday.  In the meantime, will you accept electronic service of additional arbitrations on behalf of Uber?  We are preparing a batch of about 800 more demands and imagine you don't need the stack of paper. Also, can you please give me a timeline on when Uber will be paying the filing fee to JAMS?  As you know, JAMS will not commence the arbitration until they receive the fee, and we

would like to get the process started.

Best,

**Warren D. Postman**
Partner

## Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Date:** Tuesday, August 14, 2018 at 10:10 PM
**To:** "Behnia, Sophia" <SBehnia@littler.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** Re: Uber matter

Sure – attached. Happy to discuss.

**Warren D. Postman**
Partner

## Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 14, 2018 at 10:05 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Uber matter

Any chance you have their names/contact info in a spreadsheet? It looks like some of these folks are in the certified *O'Connor* class, and some are already represented by other law firms so we'll need to address that issue first. If you have a spreadsheet, it will speed that process up.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 14, 2018 6:56 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

Sophia,

I've attached a courtesy copy of what was mailed to Uber.

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Date:** Tuesday, August 14, 2018 at 9:39 PM
**To:** "Behnia, Sophia" <SBehnia@littler.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** Re: Uber matter

Right. We sent them to both Uber and JAMS.

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 14, 2018 at 9:37 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Uber matter

Ok, got it. When you say filed you mean you sent Uber the demands, right?

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 14, 2018 6:34 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

The 400 for whom we filed are all in the LA and San Francisco area.  We have additional clients throughout California and Massachusetts.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 14, 2018 at 9:31 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Uber matter

Ok, thanks. Where are your clients located?

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 14, 2018 6:30 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

Thank you Sophia. For your information, we mailed demand letters for 400 clients yesterday, which should arrive tomorrow.  We have additional clients for whom we are preparing demands.  I've copied my colleague, Tom Kayes; if you could include us both when you circle back, that would be great.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 14, 2018 at 9:26 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Subject:** RE: Uber matter

Hi Warren,

My office will be handling this matter. We will discuss with Uber and will circle back with you to set up a call.

Thank you,
Sophia

**Sophia Behnia,** Shareholder
415.276.2561 direct   415.358.5784 fax   SBehnia@littler.com
333 Bush Street, 34th Floor | San Francisco, CA 94104

<image001.jpg>   | littler.com
**Employment & Labor Law Solutions Worldwide**

Begin forwarded message:

> **From:** Warren Postman
> <wdp@kellerlenkner.com>
> **Date:** August 13, 2018 at 9:09:11 PM
> GMT+3
> **To:** "tevangelis@gibsondunn.com"
> <tevangelis@gibsondunn.com>
> **Subject: Re: Uber matter**
>
> Hi Theane,
>
> Following up on my call Friday -- my firm is preparing to file a substantial number of arbitrations against Uber on behalf of Uber drivers.  JAMS suggested that we reach out to Uber's counsel to discuss logistics before doing that. I'm not sure if GDC is involved in Uber's driver arbitrations, but given your work on the misclassification issue, I wanted to give you a heads up and see if you could point me in the right direction.
>
> If you could give me a call today, I would appreciate it.   617-378-8268.  If you're tied up, I can reach out to Littler as well.
>
> Best,
>
> **Warren D. Postman**

Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Warren Postman
<wdp@kellerlenkner.com>
**Date:** Friday, August 10, 2018 at 3:19 PM
**To:** "tevangelis@gibsondunn.com"
<tevangelis@gibsondunn.com>
**Subject:** Uber matter

Hi Theane,

I just left you a voicemail hoping to speak with
you about an Uber matter.  I am travelling but
you can reach me on my cell until about 5pm
PT time.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

This message may contain confidential and privileged
information. If it has been sent to you in error, please
reply to advise the sender of the error and then
immediately delete this message.

---------------------------

This email may contain confidential and privileged material
for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If
you are not the intended recipient (or authorized to receive
for the recipient), please contact the sender by reply email
and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal
practice Littler Global, which operates worldwide through a

number of separate legal entities. Please visit
www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material
for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If
you are not the intended recipient (or authorized to receive
for the recipient), please contact the sender by reply email
and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal
practice Littler Global, which operates worldwide through a
number of separate legal entities. Please visit
www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material
for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If
you are not the intended recipient (or authorized to receive
for the recipient), please contact the sender by reply email
and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal
practice Littler Global, which operates worldwide through a

number of separate legal entities. Please visit
www.littler.com for more information.

--------------------------

This email may contain confidential and privileged material
for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If
you are not the intended recipient (or authorized to receive
for the recipient), please contact the sender by reply email
and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal
practice Littler Global, which operates worldwide through a
number of separate legal entities. Please visit
www.littler.com for more information.

--------------------------

This email may contain confidential and privileged material
for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If
you are not the intended recipient (or authorized to receive
for the recipient), please contact the sender by reply email
and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal
practice Littler Global, which operates worldwide through a
number of separate legal entities. Please visit

www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT B

| | |
|---|---|
| **From:** | Behnia, Sophia |
| **To:** | Warren Postman |
| **Cc:** | Tom Kayes; Spurchise, Andrew M.; Ashley Keller; Shaub, Vicki |
| **Subject:** | RE: Uber matter |
| **Date:** | Wednesday, September 5, 2018 5:07:10 PM |

Warren,

Of the first 401 demands you sent, 140 of them cannot proceed until we resolve who is representing them (see my separate emails from earlier today). We'll need to do the same exercise for the next batch you served earlier today. I suspect about half of them will have the same problem. Once we nail down exactly which group is free to proceed, we can work with JAMS on logistics and filing fees (we will raise the fee dispute with the arbitrators once they are assigned). We also have not received any invoices from JAMS so I can't agree to your artificial September 17th deadline right now.

The four arbitrators I suggested below are all affiliated with JAMS. Are you rejecting those suggestions? Do you have any suggestions?

I'll respond to the rest of this later. I need to confer with Uber about the named defendants. I believe we'll be representing them, but I need to confirm.

Sophia

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Wednesday, September 05, 2018 9:33 AM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Sophia,

We have considered Uber's counter-proposal for a process and do not find it acceptable.

Having spent several weeks conferring about an alternative process, we have decided to move ahead with arbitrating our clients' claims without delay. Consistent with your prior agreement to accept electronic service, I am serving you with the attached demands for arbitration on behalf of 857 additional clients in California and 190 clients in Massachusetts. Pursuant to M.G.L. §§ 148 and 148B, the Massachusetts demands name Dara Khosrowshahi, Barney Harford, Thuan Pham, Meghan Joyce, Rachel Holt, Persis Elavia, and Liane Hornsey as defendants. Please let me know whether or not you will be representing these individuals. If so, please let me know whether you will accept the attached electronic service on their behalf. For avoidance of doubt, we are also re-serving in the same manner the original 400 demands I sent to you on August 14, 2018, which contain minor amendments and which we will re-serve on JAMS along with the others.

If you are aware of any clients who have signed an engagement letter with another law firm, we would appreciate you sharing their names so that we can clarify with them how they would like to proceed. You previously stated that some of our clients have signed releases that you believe waive

their claims. If any of these clients no longer have an active driver account with Uber and have not driven for Uber since signing the release, please share the release and we will consider withdrawing their demand.  For the remaining clients, our view is that statutory rights such as a minimum wage and overtime cannot be waived prospectively by contract. In addition, while you noted that some of our clients are members of the *O'Connor* class, we believe that the bulk of their claims are not covered by *O'Connor*. Accordingly, we will be commencing arbitration for all of those clients. Any disputes on these matters must be resolved by the arbitrators.

With regard to all of the above clients, we do not agree to any non-JAMS arbitrators. We therefore invoke our clients' right to commence arbitration through JAMS and select arbitrators by a strike method. As we explained during our call on August 22, we believe Uber is equitably estopped based on its statements in *Mohamed* from asking a driver to pay any portion of the JAMS filing fee. While I understand that Uber disputes this point, the arbitration agreement states that the "Company shall bear all of the Arbitrator's and arbitration fees until such time as the Arbitrator resolves any such dispute." We hereby demand that Uber pay the full JAMS filing fee for each of the attached clients so that we may commence arbitration.

To the extent Uber argues that arbitrating this many claims will be unworkable, we disagree. We are fully prepared to arbitrate the claims consistent with the JAMS Streamlined Arbitration Rules that Uber designated in its contract. We will not put our clients' claims on hold because the process that Uber wrote into its contracts is inconvenient for Uber.

If Uber has not paid the JAMS filing fee for each of the above clients by September 17, we will file a motion to compel arbitration in court. We would be willing to discuss settlement at any time. The lines of communication are always open. But we do not see any reason to delay the commencement of arbitration. Uber has spent the last five years arguing in case after case that (1) all disputes arising from the driver agreement must be arbitrated, (2) any threshold disputes regarding whether a claim is arbitrable must themselves be arbitrated, and (3) Uber stands ready to engage in a fast, efficient, and streamlined dispute resolution process with its drivers in arbitration. It is time for Uber to abide by the process it has designed and worked to impose on drivers in dozens of disputes around the country.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, September 4, 2018 at 11:46 AM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>,

Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

Warren,

Here is our proposal on the arbitration process and some suggested arbitrators. Let me know your thoughts.

Arbitration Process

- We suggest starting with four individual arbitrations. Each side would pick two claimants from the entirety of the Keller list (excluding those that are not able to proceed due to conflicts – e.g., *O'Connor* or represented by another firm – we are just about done analyzing this for your first 400 or so that you sent to me; we'll need your complete list to do the rest). We would assign the four matters to four different arbitrators. If we cannot agree on arbitrators, we will use the JAMS strike lists.

- The arbitrations will take place where the claimants are located. Uber will not agree to have all of the arbitrations take place in Chicago.

- After we receive reasoned decisions in all four arbitrations, we will reconvene to determine the appropriate way to proceed. We will likely be able to proceed more quickly, particularly if we group the arbitrations so that each arbitration after the first four involves 3-4 claimants. However, we would still insist that the arbitrator make an individualized decision as to the IC status of each claimant. We may also be open to assigning new claimants to the arbitrators who adjudicated the first four matters.

- The arbitrations will be conducted pursuant to each claimant's operative arbitration provision.

- Uber will not commit to any sort of mediation at this time.

Proposed Arbitrators

- Judge Rebecca Westerfield
- Judge William Cahill
- Judge George King
- Judge Jon Mayeda

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, August 30, 2018 6:38 AM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Thank you Sophia.  Please let me know when we can expect a proposal on process. We made an initial proposal two weeks ago and haven't received any counter-proposal from Uber yet.  We generally prefer the strike method for arbitrator selection, but will consider specific suggestions if we see some indication that Uber is proposing something meaningful beyond the default JAMS process.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Wednesday, August 29, 2018 at 8:01 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

Thanks. We will review. I can confirm that we will agree to tolling for all of your clients while we work through the terms of the long form tolling agreement, and the details of the logistics of the arbitrations.

Are there any arbitrators you would propose for Uber to consider? It would be helpful to see if we can agree before we resort to strike lists.

Sophia

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 28, 2018 1:52 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Thank you Sophia,

A proposed tolling agreement is attached.  Could you please also give us an ETA on a counter proposal for proceeding with the arbitrations?

Best,

**Warren D. Postman**

Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 28, 2018 at 11:40 AM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>,
Ashley Keller <ack@kellerlenkner.com>
**Subject:** Re: Uber matter

Warren,

I'm still waiting on confirmation, but a tolling agreement should be fine. Can you circulate a
draft for our review?

Thank you,
Sophia

Sent from my iPhone

On Aug 27, 2018, at 6:11 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

> Sophia, Andrew,
>
> Thank you for the discussion last Wednesday and for agreeing to get back to us with (a)
> a counter proposal on how to proceed with the arbitrations and (b) an answer on
> whether Uber will agree to toll our clients' claims so that we don't need to file them all
> right away. As we noted on the call, we are concerned about letting time drag on
> without progress on these points.  Given that, could you please let me know when you
> expect to get back to us on both fronts?
>
> Best,
>
> **Warren D. Postman**
> Partner
>
> Keller | Lenkner
>
> 1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
> 202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>

**Date:** Wednesday, August 22, 2018 at 1:40 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M."
<ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

That's fine. Please send out a conference line – Andrew and I are in different offices.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 21, 2018 5:36 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Actually, my partner Ashley Keller would like to join. Could we do 1pm your time?

Thanks,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

On Aug 21, 2018, at 6:14 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

> Thank you Sophia.  Let's set a specific time to talk.  How about 3pm your
> time tomorrow?
>
> **Warren D. Postman**
> Partner
>
> Keller | Lenkner
> 1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
> 202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 21, 2018 at 6:53 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M."
<ASpurchise@littler.com>
**Subject:** RE: Uber matter

I've looped in Andrew Spurchise who will be leading these arbitrations on
our side. I am tied up tomorrow at 10 am PST. Let's shoot for later in the

day. I also owe you a clarification email on the O'Connor issue, which I will
send as soon as I have a moment.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Friday, August 17, 2018 1:03 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

Sophia,

In advance of our call on Wednesday (please confirm the time), I
have included below a proposed framework for an alternative
arbitration process that does not involve us filing thousands of
individual arbitrations before JAMS.  This is to get the discussion
started. We are happy to consider other approaches you might
suggest in advance of our call Wednesday.

However, if we haven't made meaningful progress toward an
alternative approach by COB Wednesday, we will assert our clients'
right to proceed through the JAMS process identified in the
arbitration agreement.  That process can't start until the JAMS filing
fee is paid, and Uber is responsible for the full fee as outlined in our
demand letter.  Please tell me now if Uber disagrees with this
position, as that will be material to our discussions over the next
week.

**Framework for Alternative Arbitration Model**

- Bellwether process: Uber and Keller Lenkner select 9
  bellwether arbitrations – 3 with drivers from SF, 3 with drivers
  from LA, and 3 with drivers from Mass.

- Tolling: Uber agrees to toll all related claims for other Uber
  drivers who are Keller Lenkner clients pending the bellwethers.

- Selecting bellwether plaintiffs: Uber will first identify any Keller
  Lenkner client whom it believes would not have a claim for
  unpaid wages even if they were an employee.  Keller Lenkner
  will then identify a list of 20 clients who are willing to serve as a
  bellwether plaintiff.  Uber picks the bellwethers from that list.
  Bellwether plaintiffs will receive an incentive award of double
  their recovery in return for their service.

- Arbitrator selection: JAMS will supply a list of 39 arbitrators, all

of whom shall be former federal judges.  Each side will make alternating strikes, with 15 strikes per side.

- Rules: Arbitrations will be conducted under the Federal Rules of Civil Procedure, but the arbitrator will expedite proceedings and a final award must be issued within one year.

- Location: To facilitate travel from both coasts, the arbitrations will take place in Chicago.

- Post-bellwether mediation: Within 30 days after the conclusion of the 9 bellwethers, the parties will commence non-binding mediation in order to decide on a formula for extrapolating the results of the bellwethers to Keller Lenkner's remaining clients. Keller Lenkner proposes Tony Piazza in San Francisco.

- Post-mediation arbitration: If the parties cannot reach agreement within 30 days after the mediation is commenced, the parties will, within the next 14 days, select a single JAMS arbitrator based on an alternating strike method (10 strikes each from a list of 21).  Within 30 days of the arbitrator's selection, the parties will simultaneously submit an opening brief proposing a formula for extrapolating the results of the bellwethers to Keller Lenkner's remaining clients.  Within 30 days of the opening briefs, the parties will simultaneously submit a response.  The arbitrator shall issue a final award designating a formula within 30 days, which shall be binding on both sides.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Date:** Thursday, August 16, 2018 at 6:49 PM
**To:** "Behnia, Sophia" <SBehnia@littler.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** Re: Uber matter

Thanks Sophia.  Please do clarify.  We'll call your office line at 10am PT on

Wednesday 8/22 unless you prefer a different time and/or number.  Just let me know.

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Thursday, August 16, 2018 at 6:38 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** Re: Uber matter

Hi Warren,

That's not entirely accurate. I will draft a clarifying email tomorrow.

A call on Wednesday is fine with me.

Thanks,
Sophia.

Sent from my iPhone

On Aug 16, 2018, at 1:51 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

> Sophia,
>
> Thanks for talking earlier.  To confirm what we discussed, Uber's position is that any drivers who are part of the O'Connor class are represented by Liss-Riordan solely by virtue of being in the class, Uber will not arbitrate with any members of the O'Connor class without the consent of Liss-Riordan, and Liss-Riordan will not give consent.
>
> Please confirm if that is correct.
>
> For the remaining drivers who Uber agrees are not

represented by other counsel, we are willing to discuss some form of arbitration outside of JAMS so long as we can do a call by Wednesday to discuss.  If we can't talk by Wednesday, we do not consent to a non-JAMS arbitrator and assert our clients' right to proceed through JAMS with Uber paying the full fee.

Please let me know if we can talk by Wednesday and whether Uber will pay the full JAMS filing fee if we can't reach an agreement on a non-JAMS arbitrator.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Thursday, August 16, 2018 at 2:54 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Uber matter

Warren,

Let's talk next week. Over 100 of the first 400 you served are already represented by other law firms. I need to finalize that list on my end, and then I will connect you with the other law firms so you all can figure out which firm is going to proceed with representation.

The arbitration agreement is clear that you are not to file with JAMS first. You are to serve on Uber (I will accept service by email), we are to meet and confer regarding arbitrators, and then if we cannot agree on arbitrators, we can go to JAMS for a strike list.  It's possible some of the arbitrators we will agree to will not be affiliated with JAMS so it doesn't make sense to pay filing fees right now. Let's discuss the logistics next week after I have a list of which drivers are represented by multiple firms.

Thanks,

Sophia

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, August 16, 2018 11:46 AM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

Sophia,

Please let me know when you would like to have the call you
mentioned on Tuesday.  In the meantime, will you accept
electronic service of additional arbitrations on behalf of
Uber?  We are preparing a batch of about 800 more
demands and imagine you don't need the stack of paper.
Also, can you please give me a timeline on when Uber will be
paying the filing fee to JAMS?  As you know, JAMS will not
commence the arbitration until they receive the fee, and we
would like to get the process started.

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** Warren Postman <wdp@kellerlenkner.com>
**Date:** Tuesday, August 14, 2018 at 10:10 PM
**To:** "Behnia, Sophia" <SBehnia@littler.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** Re: Uber matter

Sure – attached. Happy to discuss.

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Behnia, Sophia" <SBehnia@littler.com>

**Date:** Tuesday, August 14, 2018 at 10:05 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Uber matter

Any chance you have their names/contact info in a spreadsheet? It looks like some of these folks are in the certified *O'Connor* class, and some are already represented by other law firms so we'll need to address that issue first. If you have a spreadsheet, it will speed that process up.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 14, 2018 6:56 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

Sophia,

I've attached a courtesy copy of what was mailed to Uber.

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Date:** Tuesday, August 14, 2018 at 9:39 PM
**To:** "Behnia, Sophia" <SBehnia@littler.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** Re: Uber matter

Right. We sent them to both Uber and JAMS.

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 14, 2018 at 9:37 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Uber matter

Ok, got it. When you say filed you mean you sent Uber the demands, right?

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 14, 2018 6:34 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

The 400 for whom we filed are all in the LA and San Francisco area. We have additional clients throughout California and Massachusetts.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 14, 2018 at 9:31 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Uber matter

Ok, thanks. Where are your clients located?

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 14, 2018 6:30 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

Thank you Sophia. For your information, we mailed demand letters for 400 clients yesterday, which should arrive tomorrow. We have additional clients for whom we are preparing demands. I've copied my colleague, Tom Kayes; if

you could include us both when you circle back, that would
be great.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 14, 2018 at 9:26 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Subject:** RE: Uber matter

Hi Warren,

My office will be handling this matter. We will discuss with
Uber and will circle back with you to set up a call.

Thank you,
Sophia

**Sophia Behnia,** Shareholder
415.276.2561 direct   415.358.5784 fax   SBehnia@littler.com
333 Bush Street, 34th Floor | San Francisco, CA 94104

<image001.jpg>   | littler.com
**Employment & Labor Law Solutions Worldwide**

Begin forwarded message:

> **From:** Warren Postman
> <wdp@kellerlenkner.com>
> **Date:** August 13, 2018 at 9:09:11 PM
> GMT+3
> **To:** "tevangelis@gibsondunn.com"
> <tevangelis@gibsondunn.com>
> **Subject: Re: Uber matter**
>
> Hi Theane,
>
> Following up on my call Friday -- my firm is

preparing to file a substantial number of arbitrations against Uber on behalf of Uber drivers. JAMS suggested that we reach out to Uber's counsel to discuss logistics before doing that. I'm not sure if GDC is involved in Uber's driver arbitrations, but given your work on the misclassification issue, I wanted to give you a heads up and see if you could point me in the right direction.

If you could give me a call today, I would appreciate it.   617-378-8268.  If you're tied up, I can reach out to Littler as well.

Best,

**Warren D. Postman**
Partner

## Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** Warren Postman <wdp@kellerlenkner.com>
**Date:** Friday, August 10, 2018 at 3:19 PM
**To:** "tevangelis@gibsondunn.com" <tevangelis@gibsondunn.com>
**Subject:** Uber matter

Hi Theane,

I just left you a voicemail hoping to speak with you about an Uber matter.  I am travelling but you can reach me on my cell until about 5pm PT time.

Best,

**Warren D. Postman**
Partner

## Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material
for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If
you are not the intended recipient (or authorized to receive
for the recipient), please contact the sender by reply email
and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal
practice Littler Global, which operates worldwide through a
number of separate legal entities. Please visit
www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material
for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If
you are not the intended recipient (or authorized to receive
for the recipient), please contact the sender by reply email
and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal
practice Littler Global, which operates worldwide through a
number of separate legal entities. Please visit
www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material
for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If
you are not the intended recipient (or authorized to receive
for the recipient), please contact the sender by reply email
and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal
practice Littler Global, which operates worldwide through a
number of separate legal entities. Please visit
www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole
use of the intended recipient(s). Any review, use, distribution or
disclosure by others is strictly prohibited. If you are not the intended
recipient (or authorized to receive for the recipient), please contact the
sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler
Global, which operates worldwide through a number of separate legal
entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole
use of the intended recipient(s). Any review, use, distribution or
disclosure by others is strictly prohibited. If you are not the intended
recipient (or authorized to receive for the recipient), please contact the
sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT C

| From: | Behnia, Sophia |
|---|---|
| To: | Warren Postman |
| Cc: | Tom Kayes; Spurchise, Andrew M.; Ashley Keller; Shaub, Vicki |
| Subject: | RE: Uber matter |
| Date: | Wednesday, September 5, 2018 7:54:23 PM |

Warren,

That's actually not correct. Nearly all of them have engagement agreements with Lichten & Liss-Riordan directly.  Please discuss with Shannon. Uber will not get involved in that dispute.  Until we receive written confirmation addressing which firm will represent each one of the 138 on the list I sent, we cannot proceed as to those folks.

We can address timing of the filing fee payment once we receive individual invoices from JAMS. Again, I won't agree to a made up deadline when I haven't even seen invoices from JAMS. Once we receive correct invoices, we'll work with Uber to make sure payment is processed in a timely manner.

-Sophia

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Wednesday, September 05, 2018 7:47 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller; Shaub, Vicki
**Subject:** Re: Uber matter

Sophia,

Thank you for the list of individuals you identify as represented by Shannon Liss-Riordan.  It appears that the primary basis you have for identifying individuals on this list is that they are members of the *O'Connor* class.  We have a signed agreement from each of our clients that asks us to seek relief for them in arbitration.  As I have noted, we do not believe membership in the *O'Connor* class prevents this but, at a minimum, this issue must be resolved by the arbitrator. If you or Shannon identify any individuals who have actually signed an engagement agreement with another firm, we will resolve any true dual representation scenario before insisting on arbitration.  But apart from any individuals you identify as having signed an engagement agreement with another law firm, we insist on payment of the filing fee and will move to compel arbitration in its absence.

We will ask JAMS to send you an invoice and I expect they will do so with ample time for payment before the 17th. While any deadline in this situation will necessarily be artificial, we can see no reasonable basis for further delay.  After several weeks of discussion, we are very far apart on what an alternative process to JAMS might look like. The driver agreement is clear about what happens next – Uber must pay the filing fee so we can commence arbitration.  If Uber fails to do this by September 17, we can only view that as a delay tactic and will move to compel.

In terms of arbitrators, we prefer to use the default strike method referenced in the driver agreement.  We will therefore not agree with, object to, or suggest any arbitrators at this time, but

will instead wait for strike lists to be provided by JAMS.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Wednesday, September 5, 2018 at 8:08 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>,
Ashley Keller <ack@kellerlenkner.com>, "Shaub, Vicki" <VShaub@littler.com>
**Subject:** RE: Uber matter

Correction - you initially sent 400, not 401.

---

**From:** Behnia, Sophia
**Sent:** Wednesday, September 05, 2018 5:07 PM
**To:** 'Warren Postman'
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller; Shaub, Vicki
**Subject:** RE: Uber matter

Warren,

Of the first 401 demands you sent, 140 of them cannot proceed until we resolve who is representing them (see my separate emails from earlier today). We'll need to do the same exercise for the next batch you served earlier today. I suspect about half of them will have the same problem. Once we nail down exactly which group is free to proceed, we can work with JAMS on logistics and filing fees (we will raise the fee dispute with the arbitrators once they are assigned). We also have not received any invoices from JAMS so I can't agree to your artificial September 17th deadline right now.

The four arbitrators I suggested below are all affiliated with JAMS. Are you rejecting those suggestions? Do you have any suggestions?

I'll respond to the rest of this later. I need to confer with Uber about the named defendants. I believe we'll be representing them, but I need to confirm.

Sophia

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Wednesday, September 05, 2018 9:33 AM
**To:** Behnia, Sophia

**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Sophia,

We have considered Uber's counter-proposal for a process and do not find it acceptable.

Having spent several weeks conferring about an alternative process, we have decided to move ahead with arbitrating our clients' claims without delay.  Consistent with your prior agreement to accept electronic service, I am serving you with the attached demands for arbitration on behalf of 857 additional clients in California and 190 clients in Massachusetts. Pursuant to M.G.L. §§ 148 and 148B, the Massachusetts demands name Dara Khosrowshahi, Barney Harford, Thuan Pham, Meghan Joyce, Rachel Holt, Persis Elavia, and Liane Hornsey as defendants. Please let me know whether or not you will be representing these individuals. If so, please let me know whether you will accept the attached electronic service on their behalf. For avoidance of doubt, we are also re-serving in the same manner the original 400 demands I sent to you on August 14, 2018, which contain minor amendments and which we will re-serve on JAMS along with the others.

If you are aware of any clients who have signed an engagement letter with another law firm, we would appreciate you sharing their names so that we can clarify with them how they would like to proceed. You previously stated that some of our clients have signed releases that you believe waive their claims. If any of these clients no longer have an active driver account with Uber and have not driven for Uber since signing the release, please share the release and we will consider withdrawing their demand.  For the remaining clients, our view is that statutory rights such as a minimum wage and overtime cannot be waived prospectively by contract. In addition, while you noted that some of our clients are members of the *O'Connor* class, we believe that the bulk of their claims are not covered by *O'Connor*. Accordingly, we will be commencing arbitration for all of those clients. Any disputes on these matters must be resolved by the arbitrators.

With regard to all of the above clients, we do not agree to any non-JAMS arbitrators. We therefore invoke our clients' right to commence arbitration through JAMS and select arbitrators by a strike method. As we explained during our call on August 22, we believe Uber is equitably estopped based on its statements in *Mohamed* from asking a driver to pay any portion of the JAMS filing fee. While I understand that Uber disputes this point, the arbitration agreement states that the "Company shall bear all of the Arbitrator's and arbitration fees until such time as the Arbitrator resolves any such dispute." We hereby demand that Uber pay the full JAMS filing fee for each of the attached clients so that we may commence arbitration.

To the extent Uber argues that arbitrating this many claims will be unworkable, we disagree. We are fully prepared to arbitrate the claims consistent with the JAMS Streamlined Arbitration Rules that Uber designated in its contract. We will not put our clients' claims on hold because the process that Uber wrote into its contracts is inconvenient for Uber.

If Uber has not paid the JAMS filing fee for each of the above clients by September 17, we will file a motion to compel arbitration in court. We would be willing to discuss settlement at any time. The

lines of communication are always open. But we do not see any reason to delay the commencement of arbitration. Uber has spent the last five years arguing in case after case that (1) all disputes arising from the driver agreement must be arbitrated, (2) any threshold disputes regarding whether a claim is arbitrable must themselves be arbitrated, and (3) Uber stands ready to engage in a fast, efficient, and streamlined dispute resolution process with its drivers in arbitration. It is time for Uber to abide by the process it has designed and worked to impose on drivers in dozens of disputes around the country.

Best,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, September 4, 2018 at 11:46 AM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>", "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

Warren,

Here is our proposal on the arbitration process and some suggested arbitrators. Let me know your thoughts.

Arbitration Process

- We suggest starting with four individual arbitrations. Each side would pick two claimants from the entirety of the Keller list (excluding those that are not able to proceed due to conflicts – e.g., *O'Connor* or represented by another firm – we are just about done analyzing this for your first 400 or so that you sent to me; we'll need your complete list to do the rest). We would assign the four matters to four different arbitrators. If we cannot agree on arbitrators, we will use the JAMS strike lists.

- The arbitrations will take place where the claimants are located. Uber will not agree to have all of the arbitrations take place in Chicago.

- After we receive reasoned decisions in all four arbitrations, we will reconvene to determine the appropriate way to proceed. We will likely be able to proceed more quickly, particularly if

we group the arbitrations so that each arbitration after the first four involves 3-4 claimants. However, we would still insist that the arbitrator make an individualized decision as to the IC status of each claimant. We may also be open to assigning new claimants to the arbitrators who adjudicated the first four matters.

- The arbitrations will be conducted pursuant to each claimant's operative arbitration provision.

- Uber will not commit to any sort of mediation at this time.

Proposed Arbitrators

- Judge Rebecca Westerfield
- Judge William Cahill
- Judge George King
- Judge Jon Mayeda

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, August 30, 2018 6:38 AM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Thank you Sophia.  Please let me know when we can expect a proposal on process. We made an initial proposal two weeks ago and haven't received any counter-proposal from Uber yet.  We generally prefer the strike method for arbitrator selection, but will consider specific suggestions if we see some indication that Uber is proposing something meaningful beyond the default JAMS process.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Wednesday, August 29, 2018 at 8:01 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

Thanks. We will review. I can confirm that we will agree to tolling for all of your clients while we work through the terms of the long form tolling agreement, and the details of the logistics of the arbitrations.

Are there any arbitrators you would propose for Uber to consider? It would be helpful to see if we can agree before we resort to strike lists.

Sophia

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 28, 2018 1:52 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Thank you Sophia,

A proposed tolling agreement is attached.  Could you please also give us an ETA on a counter proposal for proceeding with the arbitrations?

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 28, 2018 at 11:40 AM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** Re: Uber matter

Warren,

I'm still waiting on confirmation, but a tolling agreement should be fine. Can you circulate a draft for our review?

Thank you,
Sophia

Sent from my iPhone

On Aug 27, 2018, at 6:11 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

Sophia, Andrew,

Thank you for the discussion last Wednesday and for agreeing to get back to us with (a) a counter proposal on how to proceed with the arbitrations and (b) an answer on whether Uber will agree to toll our clients' claims so that we don't need to file them all right away. As we noted on the call, we are concerned about letting time drag on without progress on these points.  Given that, could you please let me know when you expect to get back to us on both fronts?

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Wednesday, August 22, 2018 at 1:40 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M."
<ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

That's fine. Please send out a conference line – Andrew and I are in different offices.

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 21, 2018 5:36 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Actually, my partner Ashley Keller would like to join. Could we do 1pm your time?

Thanks,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

On Aug 21, 2018, at 6:14 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

Thank you Sophia.  Let's set a specific time to talk.  How about 3pm your time tomorrow?

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 21, 2018 at 6:53 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>
**Subject:** RE: Uber matter

I've looped in Andrew Spurchise who will be leading these arbitrations on our side. I am tied up tomorrow at 10 am PST. Let's shoot for later in the day. I also owe you a clarification email on the O'Connor issue, which I will send as soon as I have a moment.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Friday, August 17, 2018 1:03 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes
**Subject:** Re: Uber matter

Sophia,

In advance of our call on Wednesday (please confirm the time), I have included below a proposed framework for an alternative arbitration process that does not involve us filing thousands of individual arbitrations before JAMS.  This is to get the discussion started. We are happy to consider other approaches you might suggest in advance of our call Wednesday.

However, if we haven't made meaningful progress toward an alternative approach by COB Wednesday, we will assert our clients' right to proceed through the JAMS process identified in the arbitration agreement.  That process can't start until the JAMS filing fee is paid, and Uber is responsible for the full fee as outlined in our

demand letter.  Please tell me now if Uber disagrees with this position, as that will be material to our discussions over the next week.

**Framework for Alternative Arbitration Model**

- Bellwether process: Uber and Keller Lenkner select 9 bellwether arbitrations – 3 with drivers from SF, 3 with drivers from LA, and 3 with drivers from Mass.

- Tolling: Uber agrees to toll all related claims for other Uber drivers who are Keller Lenkner clients pending the bellwethers.

- Selecting bellwether plaintiffs: Uber will first identify any Keller Lenkner client whom it believes would not have a claim for unpaid wages even if they were an employee.  Keller Lenkner will then identify a list of 20 clients who are willing to serve as a bellwether plaintiff.  Uber picks the bellwethers from that list. Bellwether plaintiffs will receive an incentive award of double their recovery in return for their service.

- Arbitrator selection: JAMS will supply a list of 39 arbitrators, all of whom shall be former federal judges.  Each side will make alternating strikes, with 15 strikes per side.

- Rules: Arbitrations will be conducted under the Federal Rules of Civil Procedure, but the arbitrator will expedite proceedings and a final award must be issued within one year.

- Location: To facilitate travel from both coasts, the arbitrations will take place in Chicago.

- Post-bellwether mediation: Within 30 days after the conclusion of the 9 bellwethers, the parties will commence non-binding mediation in order to decide on a formula for extrapolating the results of the bellwethers to Keller Lenkner's remaining clients. Keller Lenkner proposes Tony Piazza in San Francisco.

- Post-mediation arbitration: If the parties cannot reach agreement within 30 days after the mediation is commenced, the parties will, within the next 14 days, select a single JAMS arbitrator based on an alternating strike method (10 strikes each from a list of 21).  Within 30 days of the arbitrator's selection, the parties will simultaneously submit an opening brief proposing a formula for extrapolating the results of the bellwethers to Keller Lenkner's remaining clients.  Within 30

days of the opening briefs, the parties will simultaneously submit a response.  The arbitrator shall issue a final award designating a formula within 30 days, which shall be binding on both sides.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005

202.749.8334 | Website | Email

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT D

| From: | Behnia, Sophia |
|---|---|
| To: | Warren Postman |
| Cc: | Tom Kayes; Spurchise, Andrew M.; Ashley Keller; Shaub, Vicki |
| Subject: | RE: Uber matter |
| Date: | Tuesday, September 18, 2018 7:38:00 AM |

Hi Warren,

You are incorrect. First, I wasn't demanding that they open a case. I simply asked for individual invoices for each matter. Second, they actually do need to open a case and assign a reference number. They did that yesterday and sent a spreadsheet to us with the reference number for each matter. The arbitration doesn't commence until the filing fee is received, but a reference number is assigned and the case is opened. That's how they keep track of it. Third, it's good that I asked for the invoices. They inadvertently did not send Andrew and me invoices for two of the drivers referenced on the spreadsheet that they sent to us yesterday, so we had to go back and ask for them. I have not created any sort of obstacle to the process; I'm just following the standard procedures (procedures that Andrew and I have quite a bit of experience with because this isn't our first set of Uber arbitrations). We sent the invoices to Uber yesterday so they can process payment. We'll file a motion on the fee dispute once arbitrators are assigned.

For those that are in *O'Connor*, we'll file a motion to stay proceedings once arbitrators are assigned to those matters.

-Sophia

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Monday, September 17, 2018 3:36 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller; Shaub, Vicki
**Subject:** Re: Uber matter

Hi Sophia,

We have not heard from any clients that they have retained Lichten & Liss-Riordan or would like to be represented by Lichten & Liss-Riordan. Shannon has not given us the name of a single client who has signed an engagement letter with her. And our investigation strongly undermines the claim that "nearly all" of the 138 have signed engagement agreements with Lichten & Liss-Riordan. Our clients are busy, as are we, so we are not going to chase down every single client to sign a second form – we already have signed engagement agreements for all our clients and an obligation to proceed with their claims. If Shannon gives us the name of any clients who have signed an engagement with her, we will address those, but until then we will continue to advance our clients' claims.

Relatedly, to the extent you are still unwilling to arbitrate with individuals who are members of the *O'Connor* class, I want to clarify that we do not intend to bring expense reimbursement or tips claims on behalf of any of our clients. The claims for which we are proceeding are therefore not implicated by *O'Connor*. In short, we see no reason to delay proceeding with the entire list (apart

from Kevin Fong, whose withdrawal I will let Sandra know about next and copy you).

Finally, we certainly are fine with you paying the fee for each claimant individually. I'm sure JAMS could track which individuals you are paying the fee for if you provided them with a spreadsheet. But my understanding is that the process for initiating a JAMS arbitration is that the appropriate party pays the fee and *then* JAMS commences the arbitration. It appears that by demanding that JAMS open a case without payment – something they typically do not do – you are creating an obstacle to arbitration that is outside the JAMS process referenced in the contract.

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Monday, September 17, 2018 at 2:14 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>, "Shaub, Vicki" <VShaub@littler.com>
**Subject:** RE: Uber matter

Warren,

Have you informed JAMS that you are withdrawing Fong's arbitration demand? I want to make sure we don't receive an invoice for him.

You said you have heard from 101 individuals, but the list I sent to you had 138 names on it. Can you send me a list of exactly who has signed an addendum to your engagement agreement and has terminated his/her representation by Lichten & Liss-Riordan? For the 37 folks that remain, are you not able to find them or is Shannon going to represent them?

The issue above is exactly why we need individual invoices from JAMS. We need to keep track of who is proceeding, who has had cases opened/filing fees paid, etc. JAMS also has its own procedures – they need to open a case for each claim, assign a case number, issue an invoice, etc. We can't just dump a bunch of money on JAMS and hope for the best. There needs to be a case number attached to each payment so it's clear where the money is going.

Again, I can't agree to a deadline to pay when I haven't received and reviewed the invoices.

-Sophia

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Friday, September 14, 2018 3:33 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller; Shaub, Vicki
**Subject:** Re: Uber matter

Sophia,

A few updates:

- Stephen Smith of Brockton's middle initial is J.

- We have spoken with Eleisha Redmond regarding her prior settlement with Uber. Ms. Redmond does not have a copy of the portion of the agreement that contains the release, so we cannot tell whether it covers any of the claims we have asserted on Ms. Redmond's behalf. In any event, we have confirmed via screenshots of her pay statements that Ms. Redmond continues to drive for Uber (which leaves me puzzled as to what basis you had for suggesting she had stopped driving). Thus, we believe she has a claim for an injunction as well as damages post-dating the release and continue to demand arbitration.

- I reached out to Shannon Liss-Riordan immediately after you sent us the list of potential dual representations. While she finally did email me today, she still has not identified any clients who have actually signed an engagement letter with her. Not having heard from Shannon earlier this week, we reached out to our clients to double check if they had signed with someone previously (we ask this as part of our intake process as well). We have not yet found a single client who recalls signing an engagement with another firm. On the other hand, we have heard from 101 who have confirmed that they would like Keller Lenkner to continue pursuing claims in arbitration and who state that they do not want to be represented by Lichten & Liss-Riordan firm. Each of these individuals has signed an addendum confirming this and terminating any (unknown or forgotten) engagement with Lichten & Liss-Riordan. Since we have not yet heard from anyone who has a signed engagement with Lichten & Liss-Riordan, and since Shannon has not identified anyone, we continue to demand arbitration for all but one of the clients on the list you sent. The one exception is Kevin Fong. While he did not say he recalls signing with Lichten & Liss Riordan, he has asked us to withdraw his claim and we are hereby doing so. For each of the remaining clients, we have a signed power of attorney authorizing us to bring their claim. If Uber would like to challenge the validity of our power of attorney, it can do that before the arbitrator or in court when we move to compel.

- I have heard from Sandra Chan at JAMS that you and she have been communicating and that JAMS will be sending invoices to Uber by early next week. I am not sure why Uber needs an invoice to pay the filing fee (presumably JAMS would accept payment without an invoice as it does for claimants), but given that the invoices will be sent soon, we will hold off on filing a motion to compel for now. Please confirm, however, when Uber plans to pay the invoices.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Wednesday, September 5, 2018 at 10:54 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>,
Ashley Keller <ack@kellerlenkner.com>, "Shaub, Vicki" <VShaub@littler.com>
**Subject:** RE: Uber matter

Warren,

That's actually not correct. Nearly all of them have engagement agreements with Lichten & Liss-
Riordan directly.  Please discuss with Shannon. Uber will not get involved in that dispute.  Until we
receive written confirmation addressing which firm will represent each one of the 138 on the list I
sent, we cannot proceed as to those folks.

We can address timing of the filing fee payment once we receive individual invoices from JAMS.
Again, I won't agree to a made up deadline when J haven't even seen invoices from JAMS. Once we
receive correct invoices, we'll work with Uber to make sure payment is processed in a timely
manner.

-Sophia

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Wednesday, September 05, 2018 7:47 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller; Shaub, Vicki
**Subject:** Re: Uber matter

Sophia,

Thank you for the list of individuals you identify as represented by Shannon Liss-Riordan.  It appears
that the primary basis you have for identifying individuals on this list is that they are members of
the *O'Connor* class.  We have a signed agreement from each of our clients that asks us to seek relief
for them in arbitration.  As I have noted, we do not believe membership in the *O'Connor* class
prevents this but, at a minimum, this issue must be resolved by the arbitrator. If you or Shannon
identify any individuals who have actually signed an engagement agreement with another firm, we

will resolve any true dual representation scenario before insisting on arbitration.  But apart from any individuals you identify as having signed an engagement agreement with another law firm, we insist on payment of the filing fee and will move to compel arbitration in its absence.

We will ask JAMS to send you an invoice and I expect they will do so with ample time for payment before the 17th. While any deadline in this situation will necessarily be artificial, we can see no reasonable basis for further delay.  After several weeks of discussion, we are very far apart on what an alternative process to JAMS might look like. The driver agreement is clear about what happens next – Uber must pay the filing fee so we can commence arbitration.  If Uber fails to do this by September 17, we can only view that as a delay tactic and will move to compel.

In terms of arbitrators, we prefer to use the default strike method referenced in the driver agreement.  We will therefore not agree with, object to, or suggest any arbitrators at this time, but will instead wait for strike lists to be provided by JAMS.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Wednesday, September 5, 2018 at 8:08 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>, "Shaub, Vicki" <VShaub@littler.com>
**Subject:** RE: Uber matter

Correction - you initially sent 400, not 401.

---

**From:** Behnia, Sophia
**Sent:** Wednesday, September 05, 2018 5:07 PM
**To:** 'Warren Postman'
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller; Shaub, Vicki
**Subject:** RE: Uber matter

Warren,

Of the first 401 demands you sent, 140 of them cannot proceed until we resolve who is representing them (see my separate emails from earlier today). We'll need to do the same exercise for the next batch you served earlier today. I suspect about half of them will have the same problem. Once we nail down exactly which group is free to proceed, we can work with JAMS on logistics and filing fees (we will raise the fee dispute with the arbitrators once they are assigned). We also have not received

any invoices from JAMS so I can't agree to your artificial September 17th deadline right now.

The four arbitrators I suggested below are all affiliated with JAMS. Are you rejecting those suggestions? Do you have any suggestions?

I'll respond to the rest of this later. I need to confer with Uber about the named defendants. I believe we'll be representing them, but I need to confirm.

Sophia

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Wednesday, September 05, 2018 9:33 AM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Sophia,

We have considered Uber's counter-proposal for a process and do not find it acceptable.

Having spent several weeks conferring about an alternative process, we have decided to move ahead with arbitrating our clients' claims without delay.  Consistent with your prior agreement to accept electronic service, I am serving you with the attached demands for arbitration on behalf of 857 additional clients in California and 190 clients in Massachusetts. Pursuant to M.G.L. §§ 148 and 148B, the Massachusetts demands name Dara Khosrowshahi, Barney Harford, Thuan Pham, Meghan Joyce, Rachel Holt, Persis Elavia, and Liane Hornsey as defendants. Please let me know whether or not you will be representing these individuals. If so, please let me know whether you will accept the attached electronic service on their behalf. For avoidance of doubt, we are also re-serving in the same manner the original 400 demands I sent to you on August 14, 2018, which contain minor amendments and which we will re-serve on JAMS along with the others.

If you are aware of any clients who have signed an engagement letter with another law firm, we would appreciate you sharing their names so that we can clarify with them how they would like to proceed. You previously stated that some of our clients have signed releases that you believe waive their claims. If any of these clients no longer have an active driver account with Uber and have not driven for Uber since signing the release, please share the release and we will consider withdrawing their demand.  For the remaining clients, our view is that statutory rights such as a minimum wage and overtime cannot be waived prospectively by contract. In addition, while you noted that some of our clients are members of the *O'Connor* class, we believe that the bulk of their claims are not covered by *O'Connor*. Accordingly, we will be commencing arbitration for all of those clients. Any disputes on these matters must be resolved by the arbitrators.

With regard to all of the above clients, we do not agree to any non-JAMS arbitrators. We therefore invoke our clients' right to commence arbitration through JAMS and select arbitrators by a strike method. As we explained during our call on August 22, we believe Uber is equitably estopped based on its statements in *Mohamed* from asking a driver to pay any portion of the JAMS filing fee. While I

understand that Uber disputes this point, the arbitration agreement states that the "Company shall bear all of the Arbitrator's and arbitration fees until such time as the Arbitrator resolves any such dispute." We hereby demand that Uber pay the full JAMS filing fee for each of the attached clients so that we may commence arbitration.

To the extent Uber argues that arbitrating this many claims will be unworkable, we disagree. We are fully prepared to arbitrate the claims consistent with the JAMS Streamlined Arbitration Rules that Uber designated in its contract. We will not put our clients' claims on hold because the process that Uber wrote into its contracts is inconvenient for Uber.

If Uber has not paid the JAMS filing fee for each of the above clients by September 17, we will file a motion to compel arbitration in court. We would be willing to discuss settlement at any time. The lines of communication are always open. But we do not see any reason to delay the commencement of arbitration. Uber has spent the last five years arguing in case after case that (1) all disputes arising from the driver agreement must be arbitrated, (2) any threshold disputes regarding whether a claim is arbitrable must themselves be arbitrated, and (3) Uber stands ready to engage in a fast, efficient, and streamlined dispute resolution process with its drivers in arbitration. It is time for Uber to abide by the process it has designed and worked to impose on drivers in dozens of disputes around the country.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, September 4, 2018 at 11:46 AM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

Warren,

Here is our proposal on the arbitration process and some suggested arbitrators. Let me know your thoughts.

Arbitration Process

- We suggest starting with four individual arbitrations. Each side would pick two claimants from

the entirety of the Keller list (excluding those that are not able to proceed due to conflicts – e.g., *O'Connor* or represented by another firm – we are just about done analyzing this for your first 400 or so that you sent to me; we'll need your complete list to do the rest). We would assign the four matters to four different arbitrators. If we cannot agree on arbitrators, we will use the JAMS strike lists.

- The arbitrations will take place where the claimants are located. Uber will not agree to have all of the arbitrations take place in Chicago.

- After we receive reasoned decisions in all four arbitrations, we will reconvene to determine the appropriate way to proceed. We will likely be able to proceed more quickly, particularly if we group the arbitrations so that each arbitration after the first four involves 3-4 claimants. However, we would still insist that the arbitrator make an individualized decision as to the IC status of each claimant. We may also be open to assigning new claimants to the arbitrators who adjudicated the first four matters.

- The arbitrations will be conducted pursuant to each claimant's operative arbitration provision.

- Uber will not commit to any sort of mediation at this time.

Proposed Arbitrators

- Judge Rebecca Westerfield
- Judge William Cahill
- Judge George King
- Judge Jon Mayeda

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, August 30, 2018 6:38 AM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Thank you Sophia.  Please let me know when we can expect a proposal on process. We made an initial proposal two weeks ago and haven't received any counter-proposal from Uber yet.  We generally prefer the strike method for arbitrator selection, but will consider specific suggestions if we see some indication that Uber is proposing something meaningful beyond the default JAMS process.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Wednesday, August 29, 2018 at 8:01 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>,
Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber matter

Thanks. We will review. I can confirm that we will agree to tolling for all of your clients while we
work through the terms of the long form tolling agreement, and the details of the logistics of the
arbitrations.

Are there any arbitrators you would propose for Uber to consider? It would be helpful to see if we
can agree before we resort to strike lists.

Sophia

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, August 28, 2018 1:52 PM
**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Thank you Sophia,

A proposed tolling agreement is attached.  Could you please also give us an ETA on a counter
proposal for proceeding with the arbitrations?

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, August 28, 2018 at 11:40 AM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>,

Ashley Keller <ack@kellerlenkner.com>
**Subject:** Re: Uber matter

Warren,

I'm still waiting on confirmation, but a tolling agreement should be fine. Can you circulate a draft for our review?

Thank you,
Sophia

Sent from my iPhone

On Aug 27, 2018, at 6:11 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

> Sophia, Andrew,
>
> Thank you for the discussion last Wednesday and for agreeing to get back to us with (a) a counter proposal on how to proceed with the arbitrations and (b) an answer on whether Uber will agree to toll our clients' claims so that we don't need to file them all right away. As we noted on the call, we are concerned about letting time drag on without progress on these points.  Given that, could you please let me know when you expect to get back to us on both fronts?
>
> Best,
>
> **Warren D. Postman**
> Partner
>
> **Keller | Lenkner**
> 1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
> 202.749.8334 | Website | Email
>
> ---
>
> **From:** "Behnia, Sophia" <SBehnia@littler.com>
> **Date:** Wednesday, August 22, 2018 at 1:40 PM
> **To:** Warren Postman <wdp@kellerlenkner.com>
> **Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Ashley Keller <ack@kellerlenkner.com>
> **Subject:** RE: Uber matter
>
> That's fine. Please send out a conference line – Andrew and I are in different offices.
>
> ---
>
> **From:** Warren Postman [mailto:wdp@kellerlenkner.com]
> **Sent:** Tuesday, August 21, 2018 5:36 PM

**To:** Behnia, Sophia
**Cc:** Tom Kayes; Spurchise, Andrew M.; Ashley Keller
**Subject:** Re: Uber matter

Actually, my partner Ashley Keller would like to join. Could we do 1pm your time?

Thanks,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

On Aug 21, 2018, at 6:14 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

> Thank you Sophia. Let's set a specific time to talk. How about 3pm your
> time tomorrow?
>
> **Warren D. Postman**
> Partner
>
> Keller | Lenkner
>
> 1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
> 202.749.8334 | Website | Email
>
> ───────────────────────────────
>
> **From:** "Behnia, Sophia" <SBehnia@littler.com>
> **Date:** Tuesday, August 21, 2018 at 6:53 PM
> **To:** Warren Postman <wdp@kellerlenkner.com>
> **Cc:** Tom Kayes <tk@kellerlenkner.com>, "Spurchise, Andrew M."
> <ASpurchise@littler.com>
> **Subject:** RE: Uber matter
>
> I've looped in Andrew Spurchise who will be leading these arbitrations on
> our side. I am tied up tomorrow at 10 am PST. Let's shoot for later in the
> day. I also owe you a clarification email on the O'Connor issue, which I will
> send as soon as I have a moment.
>
> ───────────────────────────────
>
> **From:** Warren Postman [mailto:wdp@kellerlenkner.com]
> **Sent:** Friday, August 17, 2018 1:03 PM
> **To:** Behnia, Sophia
> **Cc:** Tom Kayes
> **Subject:** Re: Uber matter
>
> Sophia,

In advance of our call on Wednesday (please confirm the time), I have included below a proposed framework for an alternative arbitration process that does not involve us filing thousands of individual arbitrations before JAMS.  This is to get the discussion started. We are happy to consider other approaches you might suggest in advance of our call Wednesday.

However, if we haven't made meaningful progress toward an alternative approach by COB Wednesday, we will assert our clients' right to proceed through the JAMS process identified in the arbitration agreement.  That process can't start until the JAMS filing fee is paid, and Uber is responsible for the full fee as outlined in our demand letter.  Please tell me now if Uber disagrees with this position, as that will be material to our discussions over the next week.

**Framework for Alternative Arbitration Model**

- Bellwether process: Uber and Keller Lenkner select 9 bellwether arbitrations – 3 with drivers from SF, 3 with drivers from LA, and 3 with drivers from Mass.

- Tolling: Uber agrees to toll all related claims for other Uber drivers who are Keller Lenkner clients pending the bellwethers.

- Selecting bellwether plaintiffs: Uber will first identify any Keller Lenkner client whom it believes would not have a claim for unpaid wages even if they were an employee.  Keller Lenkner will then identify a list of 20 clients who are willing to serve as a bellwether plaintiff.  Uber picks the bellwethers from that list. Bellwether plaintiffs will receive an incentive award of double their recovery in return for their service.

- Arbitrator selection: JAMS will supply a list of 39 arbitrators, all of whom shall be former federal judges.  Each side will make alternating strikes, with 15 strikes per side.

- Rules: Arbitrations will be conducted under the Federal Rules of Civil Procedure, but the arbitrator will expedite proceedings and a final award must be issued within one year.

- Location: To facilitate travel from both coasts, the arbitrations will take place in Chicago.

- Post-bellwether mediation: Within 30 days after the conclusion of the 9 bellwethers, the parties will commence non-binding

mediation in order to decide on a formula for extrapolating the results of the bellwethers to Keller Lenkner's remaining clients. Keller Lenkner proposes Tony Piazza in San Francisco.

- Post-mediation arbitration: If the parties cannot reach agreement within 30 days after the mediation is commenced, the parties will, within the next 14 days, select a single JAMS arbitrator based on an alternating strike method (10 strikes each from a list of 21). Within 30 days of the arbitrator's selection, the parties will simultaneously submit an opening brief proposing a formula for extrapolating the results of the bellwethers to Keller Lenkner's remaining clients. Within 30 days of the opening briefs, the parties will simultaneously submit a response. The arbitrator shall issue a final award designating a formula within 30 days, which shall be binding on both sides.

Best,

**Warren D. Postman**
Partner

## Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT E

| From: | Behnia, Sophia |
|---|---|
| To: | Sandra Chan; wdp@kellerlenkner.com; tk@kellerlenkner.com; mkc@kellerlenkner.com; ack@kellerlenkner.com |
| Cc: | Hammett, Kristine F.; Shaub, Vicki; Spurchise, Andrew M. |
| Subject: | RE: Uber Arbitrations |
| Date: | Wednesday, October 3, 2018 7:51:45 PM |

Hi Sandra,

Thank you for your letter. I just want to clarify that Uber has not agreed to pay the entirety of the fees for these arbitrations. California law is clear that a claimant should be pay a portion of the filing fee that is equivalent to what he or she would have to pay to initiate the lawsuit in court ($400). *See Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal. 4th 83, 110-11 ("we conclude that when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court."). Accordingly, Uber requests that Claimants pay $400 of the $1500 filing fee in each matter. However, Claimants have refused to follow the holding in *Armendariz*. Accordingly, per the terms of the December 2015 Rasier Technology Services Agreement, Uber will front Claimants' portion of the filing fees, and then Uber will raise this dispute with each arbitrator once arbitrators are assigned. Note that it is not clear whether the December 2015 Agreement applies to the all of these matters. To the extent a prior version of the agreement is operative in a particular matter, Uber's position may change because the language of those agreements is different on this particular issue.

Thank you,
Sophia

**Sophia Behnia,** Shareholder
415.276.2561 direct   415.358.5784 fax   SBehnia@littler.com
333 Bush Street, 34th Floor | San Francisco, CA 94104

 | littler.com
**Employment & Labor Law Solutions Worldwide**

---

**From:** Sandra Chan [mailto:SChan@JAMSADR.com]
**Sent:** Monday, October 01, 2018 2:47 PM
**To:** wdp@kellerlenkner.com; tk@kellerlenkner.com; mkc@kellerlenkner.com; Behnia, Sophia; Spurchise, Andrew M.; ack@kellerlenkner.com
**Subject:** Uber Arbitrations

Dear Counsel,

Attached please find a letter re JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness.

Best Regards,



**Sandra Chan**
ADR Consultant

Two Embarcadero Center
Suite 1500
San Francisco, CA  94111
**P:** 415.774.2611
**F:** 415.982.5287

**JAMS was named <u>the top ADR provider</u> in the Bay Area for the 12th year in a row in *The Recorder's* 2018 "Best of" list.**

<u>U.S.</u> | <u>International</u> | <u>LinkedIn</u> | <u>Twitter</u>

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT F

| From: | Behnia, Sophia |
|-------|----------------|
| To: | Warren Postman |
| Cc: | Shaub, Vicki; Spurchise, Andrew M.; Tom Kayes; Michelle Kay Camp; Ashley Keller |
| Subject: | RE: Uber Arbitrations |
| Date: | Wednesday, October 10, 2018 11:29:37 AM |

I was just asking a simple question, and you still have not answered it. Have you confirmed with these 5 individuals that they want to pursue their misclassification claims with you and no other firm? This doesn't involve asking Shannon anything. It involves you contacting your clients. If they really are your clients, you should be able to quickly contact them to confirm. This is not an unreasonable question for my client to ask. If we don't confirm now, these folks may tell you after we have noticed their depositions that they misunderstood and actually want to proceed with Lichten & Liss-Riordan. At that point, Uber will already have paid filing fees, taken time to select an arbitrator, attended an initial arbitration management conference, filed a motion to disqualify your firm as counsel, filed a motion to compel your clients to contribute to the filing fees, etc. It would be prejudicial to my client to go through that entire process only to find out your client was mistaken and doesn't want to proceed with your firm. Asking the simple question of these 5 people now and confirming for me in writing makes sense. Then we'll pay the fees. Considering the fact that 47 arbitrations have already commenced, your argument that Uber is refusing to commence arbitration falls flat.

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Wednesday, October 10, 2018 8:03 AM
**To:** Behnia, Sophia
**Cc:** Shaub, Vicki; Spurchise, Andrew M.; Tom Kayes; Michelle Kay Camp; Ashley Keller
**Subject:** Re: Uber Arbitrations

Sophia,

Call it what you will, but Uber is imposing a precondition to commencing arbitrations that it has no right to impose and to which we don't agree.  We know of no rule that allows Uber to refuse to honor the arbitration clause as to a driver just because it believes the driver has retained more than one lawyer.  Any dual-representation issues are for us to work out with the client and the other plaintiffs' firm.

We are not trying to be unreasonable here.  We agree not to demand that Uber pay a filing fee for any allegedly dual-represented driver who has already commenced an arbitration.  If we bring a claim on behalf of someone who has already filed the same claim in arbitration, you need only tell us and we will not insist on commencing a new arbitration.  Moreover, we appreciate you flagging dual reps and have acted promptly to resolve them before insisting on commencing arbitration. Audet & Partners has been easy to work with and we don't insist on Uber waiting to pay a fee while we resolve a potential dual rep situation with them.

The problem is that, after extensive investigation, we have concluded that the list you have from Liss-Riordan is wildly inaccurate. And after repeated requests to Liss-Riordan, she won't actually confirm any dual reps. So, as I stated in my email on September 17, we do not agree to wait on commencing arbitration simply because a client appears on one of Liss-Riordan's lists. If you

continue to send us names that appear on her list, we will continue to ask Liss-Riordan to put in writing that she has a signed agreement with those individuals. But given the inaccuracy of her lists and her non-responsiveness, that has to happen on a separate track and is no basis for delaying when Uber pays the fee to commence arbitration with our clients. Again, if Uber fails to commence arbitration on this ground, we will take it as a refusal by Uber to honor its contract.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Tuesday, October 9, 2018 at 3:37 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** "Shaub, Vicki" <VShaub@littler.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Tom Kayes <tk@kellerlenkner.com>, Michelle Kay Camp <mkc@kellerlenkner.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber Arbitrations

Hi Warren,

No one is refusing to commence arbitration. There is an issue here we are trying to resolve. Shannon also likes to send spreadsheets with her clients listed on them. These 5 names are on her spreadsheet.  Given that both firms purport to represent these 5 individuals, I'm asking that you confirm for me in an email that these 5 do not want to proceed with Lichten & Liss-Riordan. Once you do, I will work with Uber to process the filing fees. Note that one of the individuals – Lawrence Holliday – has allegedly retained 3 firms. He is on your list, Shannon's list, and the Geragos/Audet & Partners list. For him, please confirm that he doesn't want to proceed with Audet & Partners and Lichten & Liss-Riordan.

We should be able to send our first round of strikes by tomorrow.

Sophia

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Monday, October 08, 2018 7:16 PM
**To:** Behnia, Sophia .
**Cc:** Shaub, Vicki; Spurchise, Andrew M.; Tom Kayes; Michelle Kay Camp; Ashley Keller
**Subject:** Re: Uber Arbitrations

Hi Sophia,

1. What is your basis for saying that these individuals have a signed an engagement agreement with Liss-Riordan? As I've explained already, our investigation strongly suggests that you were working from bad information when you represented that "nearly all" of the individuals on your dual rep list have signed agreements with her firm. We reached out to all of them and not a single one recalled doing that.  And despite three separate requests, Liss-Riordan has studiously avoided representing that even a single client on the list has signed an engagement with her.  We're eager to resolve any dual rep situation before commencing arbitration, but we're not going to chase around bad information. If you can specify why you believe certain clients have signed a valid engagement letter with Liss-Riordan, I suppose we can try asking her a fourth time to confirm that.  But in the meantime, each of our clients has signed an engagement letter retaining Keller Lenkner to bring their claims in arbitration. We have the authority and the responsibility to pursue their claims. And Uber has no right to refuse arbitration simply because a plaintiff has hired two law firms. If Uber fails to pay the filing fee based on an unsubstantiated assertion that there is a dual rep with Liss-Riordan, we will take that as a refusal to commence arbitration.

2. Your client knows all the answers to the questions you raised about deactivation, and when the time comes we'd like to hear their account before we share our clients'.  But if the operations team at Uber does not have the claimants' names, that satisfies us for now.

3. We'll take your strikes in any format you like; we were simply trying to make the process more efficient.  When can we expect your first round of strikes?

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Behnia, Sophia" <SBehnia@littler.com>
**Date:** Monday, October 8, 2018 at 11:01 AM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** "Shaub, Vicki" <VShaub@littler.com>, "Spurchise, Andrew M." <ASpurchise@littler.com>, Tom Kayes <tk@kellerlenkner.com>, Michelle Kay Camp <mkc@kellerlenkner.com>, Ashley Keller <ack@kellerlenkner.com>
**Subject:** RE: Uber Arbitrations

Responses below.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Friday, October 05, 2018 11:08 AM
**To:** Behnia, Sophia
**Cc:** Shaub, Vicki; Spurchise, Andrew M.; Tom Kayes; Michelle Kay Camp; Ashley Keller

**Subject:** Re: Uber Arbitrations

Hi Sophia,

Several updates and questions:

1.  We appreciate that Uber has paid the filing fee for 47 of the first 52 invoices sent by JAMS.  Is there a reason Uber did not pay the remaining 5 invoices in that first batch? These 5 are apparently represented by Lichten & Liss-Riordan. Can you please confirm in writing that you have signed agreements from each of them stating that Lichten & Liss-Riordan does not represent them? We can then pay those fees.

2.  We have heard from two more drivers who are concerned that they have been deactivated in retaliation for bringing a claim and have asked us to investigate.  They are Milledge Ware of Sacramento and Quincy Hines of Los Angeles. Can you tell me whether or not their names were shared with Uber? If not, that certainly satisfies us that this was done in the normal course as before. If their names were shared before the deactivation, could you please share a non-cursory explanation of why they were deactivated? When were their accounts deactivated? Have they told you why their accounts were deactivated? Uber communicates the reason to drivers (e.g., a notification that vehicle paperwork has expired and needs to be updated). Either way, I can assure you there was not retaliatory conduct. The operations team at Uber does not have the claimants' names.

3.  As you know, the arbitration agreements give the drivers the option of making the first strike to select an arbitrator. On behalf of all our clients, we decline that option. We would propose to run the strike process using something like the attached spreadsheet. As you will see, it lists each arbitration along with blank spaces for strikes. The selection process would simply be a matter of Uber filling out the first column of strikes, then us filing out the second, then Uber the third, and us the fourth.  We would propose that we begin this process for any arbitrations with strike lists available on October 10.  Each side could then have one business day to make their strikes, so that we could have arbitrators selected by October 15.  Please let us know if this is acceptable to you or if you would propose an alternative process. No, we aren't filling out the spreadsheet. If you want us to take the first strike, we'll do that, but we don't need a spreadsheet.

4.  As you know, our position is that our clients have a statutory right to obtain copies of their employment records in a way that allows them to calculate their net hourly pay. Each week, I will be sending a renewed request for the prior pay period, which we believe triggers a separate penalty if not satisfied within the required time period. In any event, the drivers whose arbitrations have already commenced clearly are entitled to this information through discovery. I therefore ask that you begin preparing this information for all our clients and provide it as soon as possible, but at a minimum that you do so for the clients with arbitrations underway. We disagree with your position.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT G

| | |
|---|---|
| **From:** | Warren Postman |
| **To:** | Sbehnia@littler.com; aspurchise@littler.com; CKing@littler.com |
| **Cc:** | Ashley Keller; Tom Kayes |
| **Subject:** | Unpaid filing fees |
| **Date:** | Monday, October 15, 2018 1:34:54 PM |

Sophia,

There are roughly 350 clients for whom we served demands on Uber over two months ago.  There are another 3,247 demands that were served 4 weeks ago or more, and an additional 3,117 demands that were served a week or more ago.

Is Uber refusing to pay the filing fees to commence these arbitrations; if not, when will Uber pay them?

Best,

**Warren D. Postman**
Partner

## Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

# EXHIBIT H

| From: | Spurchise, Andrew M. |
|---|---|
| To: | Warren Postman; Behnia, Sophia; King, Caitlin E. |
| Cc: | Ashley Keller; Tom Kayes |
| Subject: | RE: Unpaid filing fees |
| Date: | Tuesday, October 16, 2018 6:49:02 AM |

Warren—I'll check with Uber on this issue and circle back.

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Monday, October 15, 2018 4:35 PM
**To:** Behnia, Sophia; Spurchise, Andrew M.; King, Caitlin E.
**Cc:** Ashley Keller; Tom Kayes
**Subject:** Unpaid filing fees

Sophia,

There are roughly 350 clients for whom we served demands on Uber over two months ago.  There are another 3,247 demands that were served 4 weeks ago or more, and an additional 3,117 demands that were served a week or more ago.

Is Uber refusing to pay the filing fees to commence these arbitrations; if not, when will Uber pay them?

Best,

**Warren D. Postman**
Partner

## Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

-----------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT I

| From: | Spurchise, Andrew M. |
|---|---|
| To: | Warren Postman; Behnia, Sophia; King, Caitlin E. |
| Cc: | Ashley Keller; Tom Kayes |
| Subject: | RE: Unpaid filing fees |
| Date: | Thursday, October 18, 2018 1:39:52 PM |

I don't know why you would. I told you two days ago I would circle back and I will. Uber has never indicated it was unwilling to pay its required portion of the arbitration fees, and it remains willing to pay its required portion of the arbitration fees.  And despite the fact that Uber feels your argument for not paying claimants' required portion of the fee has been made in bad faith (and Uber reserves all rights and remedies in that regard), Uber has already paid the full initiation fee for dozens of arbitrations.

Candidly, it has not helped with the efficient processing of these claims that a number of the claimants are represented by other firms, or that you've sent us inaccurate or incomplete information about some claimants, or that some claimants have "initiated" arbitration and then decided they didn't really want to bring the claims in the first place.

I'll get back to you tomorrow with an update on the outstanding invoices.

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, October 18, 2018 3:51 PM
**To:** Spurchise, Andrew M.; Behnia, Sophia; King, Caitlin E.
**Cc:** Ashley Keller; Tom Kayes
**Subject:** Re: Unpaid filing fees

Hi Andrew,

Should we take Uber's lack of a response as a refusal to proceed?  Many of these demands have been served over two months ago and JAMS has sent multiple reminders.

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Spurchise, Andrew M." <ASpurchise@littler.com>
**Date:** Tuesday, October 16, 2018 at 9:49 AM
**To:** Warren Postman <wdp@kellerlenkner.com>, "Behnia, Sophia" <SBehnia@littler.com>, "King, Caitlin E." <CKing@littler.com>
**Cc:** Ashley Keller <ack@kellerlenkner.com>, Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Unpaid filing fees

Warren—I'll check with Uber on this issue and circle back.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Monday, October 15, 2018 4:35 PM
**To:** Behnia, Sophia; Spurchise, Andrew M.; King, Caitlin E.
**Cc:** Ashley Keller; Tom Kayes
**Subject:** Unpaid filing fees

Sophia,

There are roughly 350 clients for whom we served demands on Uber over two months ago.  There are another 3,247 demands that were served 4 weeks ago or more, and an additional 3,117 demands that were served a week or more ago.

Is Uber refusing to pay the filing fees to commence these arbitrations; if not, when will Uber pay them?

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


----------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT J

| From: | Warren Postman |
|---|---|
| To: | Spurchise, Andrew M.; Behnia, Sophia; King, Caitlin E. |
| Cc: | Ashley Keller; Tom Kayes |
| Subject: | Re: Unpaid filing fees |
| Date: | Thursday, October 18, 2018 2:34:30 PM |

Thank you for saying you will get back to us tomorrow. To address your bewilderment at my question, our view is that Uber has waited an inordinately long period of time to pay the fees. This isn't something Uber just learned about when I last followed up on Monday. Moreover, we've made very clear that we don't view the allegations of dual rep issues with Liss-Riordan to have any support or be a basis for delay. Those issues, and the handful of claimants who have withdrawn or had inaccurate information, represent a tiny fraction of the demands we have sent. Uber has paid the fee for roughly 0.5% of the demands we have filed, so we have reason to be concerned that cannot be explained away by a handful of demands you take issue with.

Finally, I would note that this is the first time that you have suggested our equitable estoppel position is taken in bad faith. As we stated in our demand, the Ninth Circuit compelled arbitration in *Mohamed* in reliance on the fact that "Uber has committed to paying the full costs of arbitration." We therefore think there is a strong argument that Uber is equitably estopped from taking a different position now. We understand that Uber disagrees with this position and don't need to litigate the issue here. But I did not want to ignore the suggestion that we are acting in bad faith.

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Spurchise, Andrew M." <ASpurchise@littler.com>
**Date:** Thursday, October 18, 2018 at 4:39 PM
**To:** Warren Postman <wdp@kellerlenkner.com>, "Behnia, Sophia" <SBehnia@littler.com>, "King, Caitlin E." <CKing@littler.com>
**Cc:** Ashley Keller <ack@kellerlenkner.com>, Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Unpaid filing fees

I don't know why you would. I told you two days ago I would circle back and I will. Uber has never indicated it was unwilling to pay its required portion of the arbitration fees, and it remains willing to pay its required portion of the arbitration fees. And despite the fact that Uber feels your argument for not paying claimants' required portion of the fee has been made in bad faith (and Uber reserves all rights and remedies in that regard), Uber has already paid the full initiation fee for dozens of arbitrations.

Candidly, it has not helped with the efficient processing of these claims that a number of the

claimants are represented by other firms, or that you've sent us inaccurate or incomplete information about some claimants, or that some claimants have "initiated" arbitration and then decided they didn't really want to bring the claims in the first place.

I'll get back to you tomorrow with an update on the outstanding invoices.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, October 18, 2018 3:51 PM
**To:** Spurchise, Andrew M.; Behnia, Sophia; King, Caitlin E.
**Cc:** Ashley Keller; Tom Kayes
**Subject:** Re: Unpaid filing fees

Hi Andrew,

Should we take Uber's lack of a response as a refusal to proceed?  Many of these demands have been served over two months ago and JAMS has sent multiple reminders.

Best,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Spurchise, Andrew M." <ASpurchise@littler.com>
**Date:** Tuesday, October 16, 2018 at 9:49 AM
**To:** Warren Postman <wdp@kellerlenkner.com>, "Behnia, Sophia" <SBehnia@littler.com>, "King, Caitlin E." <CKing@littler.com>
**Cc:** Ashley Keller <ack@kellerlenkner.com>, Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Unpaid filing fees

Warren—I'll check with Uber on this issue and circle back.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Monday, October 15, 2018 4:35 PM
**To:** Behnia, Sophia; Spurchise, Andrew M.; King, Caitlin E.
**Cc:** Ashley Keller; Tom Kayes
**Subject:** Unpaid filing fees

Sophia,

There are roughly 350 clients for whom we served demands on Uber over two months ago.  There are another 3,247 demands that were served 4 weeks ago or more, and an additional 3,117 demands that were served a week or more ago.

Is Uber refusing to pay the filing fees to commence these arbitrations; if not, when will Uber pay them?

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT K

| From: | Spurchise, Andrew M. |
|---|---|
| To: | Warren Postman |
| Cc: | Behnia, Sophia; King, Caitlin E.; Ashley Keller; Tom Kayes |
| Subject: | Re: Unpaid filing fees |
| Date: | Friday, October 19, 2018 3:08:38 PM |

Warren—Uber is currently working on processing the next tranche of invoices, and I expect there to be progress on those invoices next week.

I agree we don't need to litigate the fee apportionment issue here. But, the operative agreement isn't even the same agreement that was at issue in *Mohamed*. The same driver is not at issue.  We did not have the same negotiations with you about apportioning fees as I had with Mohamed's counsel in that case. And finally, the Ninth Circuit didn't "rely" on Uber's purported representation that Uber would pay the costs associated with arbitration. They didn't need to address the issue at all.

We'll raise this issue and the disqualification issue with the arbitrators as soon as possible, now that at least some have been assigned.

Sent from my iPhone

On Oct 18, 2018, at 5:34 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

> Thank you for saying you will get back to us tomorrow. To address your bewilderment at my question, our view is that Uber has waited an inordinately long period of time to pay the fees. This isn't something Uber just learned about when I last followed up on Monday. Moreover, we've made very clear that we don't view the allegations of dual rep issues with Liss-Riordan to have any support or be a basis for delay. Those issues, and the handful of claimants who have withdrawn or had inaccurate information, represent a tiny fraction of the demands we have sent. Uber has paid the fee for roughly 0.5% of the demands we have filed, so we have reason to be concerned that cannot be explained away by a handful of demands you take issue with.
>
> Finally, I would note that this is the first time that you have suggested our equitable estoppel position is taken in bad faith. As we stated in our demand, the Ninth Circuit compelled arbitration in *Mohamed* in reliance on the fact that "Uber has committed to paying the full costs of arbitration." We therefore think there is a strong argument that Uber is equitably estopped from taking a different position now. We understand that Uber disagrees with this position and don't need to litigate the issue here. But I did not want to ignore the suggestion that we are acting in bad faith.
>
> Best,
>
> **Warren D. Postman**
> Partner
> Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---

**From:** "Spurchise, Andrew M." <ASpurchise@littler.com>
**Date:** Thursday, October 18, 2018 at 4:39 PM
**To:** Warren Postman <wdp@kellerlenkner.com>, "Behnia, Sophia"
<SBehnia@littler.com>, "King, Caitlin E." <CKing@littler.com>
**Cc:** Ashley Keller <ack@kellerlenkner.com>, Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Unpaid filing fees

I don't know why you would. I told you two days ago I would circle back and I will. Uber has never indicated it was unwilling to pay its required portion of the arbitration fees, and it remains willing to pay its required portion of the arbitration fees. And despite the fact that Uber feels your argument for not paying claimants' required portion of the fee has been made in bad faith (and Uber reserves all rights and remedies in that regard), Uber has already paid the full initiation fee for dozens of arbitrations.

Candidly, it has not helped with the efficient processing of these claims that a number of the claimants are represented by other firms, or that you've sent us inaccurate or incomplete information about some claimants, or that some claimants have "initiated" arbitration and then decided they didn't really want to bring the claims in the first place.

I'll get back to you tomorrow with an update on the outstanding invoices.

---

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, October 18, 2018 3:51 PM
**To:** Spurchise, Andrew M.; Behnia, Sophia; King, Caitlin E.
**Cc:** Ashley Keller; Tom Kayes
**Subject:** Re: Unpaid filing fees

Hi Andrew,

Should we take Uber's lack of a response as a refusal to proceed? Many of these demands have served over two months ago and JAMS has sent multiple reminders.

Best,

**Warren D. Postman**
Partner

# Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Spurchise, Andrew M." <ASpurchise@littler.com>
**Date:** Tuesday, October 16, 2018 at 9:49 AM
**To:** Warren Postman <wdp@kellerlenkner.com>, "Behnia, Sophia" <SBehnia@littler.com>, "King, Caitlin E." <CKing@littler.com>
**Cc:** Ashley Keller <ack@kellerlenkner.com>, Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Unpaid filing fees

Warren—I'll check with Uber on this issue and circle back.

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Monday, October 15, 2018 4:35 PM
**To:** Behnia, Sophia; Spurchise, Andrew M.; King, Caitlin E.
**Cc:** Ashley Keller; Tom Kayes
**Subject:** Unpaid filing fees

Sophia,

There are roughly 350 clients for whom we served demands on Uber over two months ago.  There are another 3,247 demands that were served 4 weeks ago or more, and an additional 3,117 demands that were served a week or more ago.

Is Uber refusing to pay the filing fees to commence these arbitrations; if not, when will Uber pay them?

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT L

| | |
|---|---|
| **From:** | Spurchise, Andrew M. |
| **To:** | Warren Postman |
| **Cc:** | Behnia, Sophia; King, Caitlin E.; Ashley Keller; Tom Kayes |
| **Subject:** | RE: Unpaid filing fees |
| **Date:** | Tuesday, October 23, 2018 10:17:44 AM |

Warren—as I understand it, Uber is intending to process the invoices in the order that they came in. Once the next batch is processed, I'll be able to get a better sense of next steps.

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Monday, October 22, 2018 11:24 AM
**To:** Spurchise, Andrew M.
**Cc:** Behnia, Sophia; King, Caitlin E.; Ashley Keller; Tom Kayes
**Subject:** Re: Unpaid filing fees

Thank you for the update Andrew. We appreciate that Uber is planning to submit the fees for the demands served on 8/13.  But that does not address the remainder of the demands I asked about. By the end of this week, there will be over 4,500 demands apart from the 8/13 batch that will have been served 4 weeks or more ago and more than 3,000 demands served two weeks or more ago. Can you tell me when Uber plans to pay the filing fees for these?

Best,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Spurchise, Andrew M." <ASpurchise@littler.com>
**Date:** Friday, October 19, 2018 at 6:08 PM
**To:** Warren Postman <wdp@kellerlenkner.com>
**Cc:** "Behnia, Sophia" <SBehnia@littler.com>, "King, Caitlin E." <CKing@littler.com>, Ashley Keller <ack@kellerlenkner.com>, Tom Kayes <tk@kellerlenkner.com>
**Subject:** Re: Unpaid filing fees

Warren—Uber is currently working on processing the next tranche of invoices, and I expect there to be progress on those invoices next week.

I agree we don't need to litigate the fee apportionment issue here. But, the operative agreement isn't even the same agreement that was at issue in *Mohamed*. The same driver is not at issue.  We did not have the same negotiations with you about apportioning fees as I had with Mohamed's counsel in that case. And finally, the Ninth Circuit didn't "rely" on Uber's purported representation that Uber would pay the costs associated with arbitration. They didn't need to address the issue at all.

We'll raise this issue and the disqualification issue with the arbitrators as soon as possible, now that at least some have been assigned.

Sent from my iPhone

On Oct 18, 2018, at 5:34 PM, Warren Postman <wdp@kellerlenkner.com> wrote:

> Thank you for saying you will get back to us tomorrow. To address your bewilderment at my question, our view is that Uber has waited an inordinately long period of time to pay the fees. This isn't something Uber just learned about when I last followed up on Monday. Moreover, we've made very clear that we don't view the allegations of dual rep issues with Liss-Riordan to have any support or be a basis for delay. Those issues, and the handful of claimants who have withdrawn or had inaccurate information, represent a tiny fraction of the demands we have sent. Uber has paid the fee for roughly 0.5% of the demands we have filed, so we have reason to be concerned that cannot be explained away by a handful of demands you take issue with.
>
> Finally, I would note that this is the first time that you have suggested our equitable estoppel position is taken in bad faith. As we stated in our demand, the Ninth Circuit compelled arbitration in *Mohamed* in reliance on the fact that "Uber has committed to paying the full costs of arbitration." We therefore think there is a strong argument that Uber is equitably estopped from taking a different position now. We understand that Uber disagrees with this position and don't need to litigate the issue here. But I did not want to ignore the suggestion that we are acting in bad faith.
>
> Best,
>
> **Warren D. Postman**
> Partner
>
> Keller | Lenkner
> 1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
> 202.749.8334 | Website | Email

From: "Spurchise, Andrew M." <ASpurchise@littler.com>
Date: Thursday, October 18, 2018 at 4:39 PM
To: Warren Postman <wdp@kellerlenkner.com>, "Behnia, Sophia" <SBehnia@littler.com>, "King, Caitlin E." <CKing@littler.com>
Cc: Ashley Keller <ack@kellerlenkner.com>, Tom Kayes <tk@kellerlenkner.com>
Subject: RE: Unpaid filing fees

I don't know why you would. I told you two days ago I would circle back and I will. Uber has never indicated it was unwilling to pay its required portion of the arbitration fees, and it remains willing to pay its required portion of the arbitration fees.  And despite

the fact that Uber feels your argument for not paying claimants' required portion of the fee has been made in bad faith (and Uber reserves all rights and remedies in that regard), Uber has already paid the full initiation fee for dozens of arbitrations.

Candidly, it has not helped with the efficient processing of these claims that a number of the claimants are represented by other firms, or that you've sent us inaccurate or incomplete information about some claimants, or that some claimants have "initiated" arbitration and then decided they didn't really want to bring the claims in the first place.

I'll get back to you tomorrow with an update on the outstanding invoices.

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Thursday, October 18, 2018 3:51 PM
**To:** Spurchise, Andrew M.; Behnia, Sophia; King, Caitlin E.
**Cc:** Ashley Keller; Tom Kayes
**Subject:** Re: Unpaid filing fees

Hi Andrew,

Should we take Uber's lack of a response as a refusal to proceed?  Many of these demands have been served over two months ago and JAMS has sent multiple reminders.

Best,

**Warren D. Postman**
Partner

**Keller | Lenkner**

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** "Spurchise, Andrew M." <ASpurchise@littler.com>
**Date:** Tuesday, October 16, 2018 at 9:49 AM
**To:** Warren Postman <wdp@kellerlenkner.com>, "Behnia, Sophia" <SBehnia@littler.com>, "King, Caitlin E." <CKing@littler.com>
**Cc:** Ashley Keller <ack@kellerlenkner.com>, Tom Kayes <tk@kellerlenkner.com>
**Subject:** RE: Unpaid filing fees

Warren—I'll check with Uber on this issue and circle back.

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Monday, October 15, 2018 4:35 PM
**To:** Behnia, Sophia; Spurchise, Andrew M.; King, Caitlin E.
**Cc:** Ashley Keller; Tom Kayes

**Subject:** Unpaid filing fees

Sophia,

There are roughly 350 clients for whom we served demands on Uber over two months ago.  There are another 3,247 demands that were served 4 weeks ago or more, and an additional 3,117 demands that were served a week or more ago.

Is Uber refusing to pay the filing fees to commence these arbitrations; if not, when will Uber pay them?

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

-----------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

-----------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT M

| | |
|---|---|
| **From:** | Behnia, Sophia |
| **To:** | Warren Postman; Spurchise, Andrew M. |
| **Cc:** | Tom Kayes; Ashley Keller |
| **Subject:** | RE: Arbitrator retainers |
| **Date:** | Tuesday, November 13, 2018 7:05:52 PM |

Yes, Uber plans to pay the remaining retainers imminently.

**From:** Warren Postman [mailto:wdp@kellerlenkner.com]
**Sent:** Tuesday, November 13, 2018 1:58 PM
**To:** Behnia, Sophia; Spurchise, Andrew M.
**Cc:** Tom Kayes; Ashley Keller
**Subject:** Arbitrator retainers

Hi Sophia,

JAMS has informed us that Uber has paid arbitrator retainers for only 6 of the initial 47 arbitrations. Does Uber plan to pay the remaining retainers imminently? If not, what is Uber's basis for selectively proceeding with only a fraction of them?

Best,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT N



Littler Mendelson, PC
321 North Clark Street
Suite 1000
Chicago, IL  60654

January 24, 2019

Todd M. Church
312.795.3218 direct
312.372.5520 main
tchurch@littler.com

**VIA ELECTRONIC MAIL**

Sandra Chan
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
SChan@JAMSADR.com

Re:    *Keller Lenkner / Uber Arbitrations*

Dear Ms. Chan:

Earlier this week, JAMS should have received a wire transfer from Uber in the amount of Forty One Thousand Eight Hundred Dollars ($41,800.00), representing Uber's portion ($1,100 each) of the $1,500 filing fee for each of the following 38 Illinois-based matters:

| REFERENCE NUMBER | CASENAME |
| --- | --- |
| 1100091833 | Williams, Larry v. Uber Technologies, Inc. |
| 1100094492 | Givens, Michael v. Uber Technologies, Inc. |
| 1100096207 | Phillips, Charles v. Uber Technologies, Inc. |
| 1100096208 | Phillips, Doris v. Uber Technologies, Inc. |
| 1100096209 | Lonzo, Jerome v. Uber Technologies, Inc. |
| 1100096210 | Terry, Curtis v. Uber Technologies, Inc. |
| 1100096211 | Spencer, Danny v. Uber Technologies, Inc. |
| 1100096212 | Radix, Clifford v. Uber Technologies, Inc. |
| 1100096213 | Muhammab, Abdul Malik v. Uber Technologies, Inc. |
| 1100096214 | Colbert Williams, Germaine v. Uber Technologies, Inc. |
| 1100096215 | Bullock, Zedrick v. Uber Technologies, Inc. |

Sandra Chan
January 24, 2019
Page 2

| REFERENCE NUMBER | CASE NAME |
| --- | --- |
| 1100096217 | Adeleke, Ibrahin v. Uber Technologies, Inc. |
| 1100096218 | Mathioudakis, Konstantinos v. Uber Technologies, Inc. |
| 1100096219 | Matelski, Peggy v. Uber Technologies, Inc. |
| 1100096220 | Hister, Furman v. Uber Technologies, Inc. |
| 1100096221 | Ruiz, Michael v. Uber Technologies, Inc. |
| 1100096222 | Mousa, Loai v. Uber Technologies, Inc. |
| 1100096223 | Fluellen, John v. Uber Technologies, Inc. |
| 1100096224 | Brown, Wallace v. Uber Technologies, Inc. |
| 1100096225 | Brown, Stephen v. Uber Technologies, Inc. |
| 1100096226 | Young, Steve v. Uber Technologies, Inc. |
| 1100096227 | Young, Earl J v. Uber Technologies, Inc. |
| 1100096228 | Frimpong, Ernest v. Uber Technologies, Inc. |
| 1100096229 | Tebarek, Berhane v. Uber Technologies, Inc. |
| 1100096231 | Bradley, Tueshay v. Uber Technologies, Inc. |
| 1100096232 | Weinstein, Stephen v. Uber Technologies, Inc. |
| 1100096233 | Remy, Frantz v. Uber Technologies, Inc. |
| 1100096234 | Funches, Edward v. Uber Technologies, Inc. |
| 1100096235 | Myrick, Lemeille v. Uber Technologies, Inc. |
| 1100096236 | Bergin, John v. Uber Technologies, Inc. |
| 1100096237 | Berry, Lavarine v. Uber Technologies, Inc. |
| 1100096238 | Berry, Larry v. Uber Technologies, Inc. |

Sandra Chan
January 24, 2019
Page 3

| REFERENCE NUMBER | CASENAME |
|---|---|
| 1100096239 | Walker, Trevor v. Uber Technologies, Inc. |
| 1100096240 | Rice, Cherie v. Uber Technologies, Inc. |
| 1100096241 | Gonzalez, Carlos v. Uber Technologies, Inc. |
| 1100096242 | Robertson, Serena v. Uber Technologies, Inc. |
| 1100096243 | Green-Williams, Christopher v. Uber Technologies, Inc. |
| 1100096244 | Griggs, Sheren v. Uber Technologies, Inc. |

Per the terms of the Arbitration Provision between Uber and each Claimant, as well as the JAMS Arbitration Schedule of Fees and Costs and JAMS Policy on Employment Arbitrations Minimum Standards of Fairness, each Claimant is required to pay the remaining $400 of the filing fee. Illinois law does not require that Uber pay the entire filing fee, and the $400 payment is exactly what each Claimant would pay in order to file an action in federal court; as such, requiring payment of $400 is not unconscionable or unlawful. *See, e.g., James v. McDonald's Corp.*, 417 F.3d 672, 679-80 (7th Cir. 2005) (rejecting claim that arbitration provision should not be enforced where plaintiff consumer was required to share in arbitration cost); *Sanchez v. CleanNet USA, Inc.*, 78 F.Supp.3d 747, 755-56 (N.D. Ill. 2015) (rejecting argument that arbitration provision was unconscionable because it required plaintiff to pay the entirety of the arbitration filing fee).

I look forward to hearing from you after the Claimants have paid their portion of the filing fee so that we can move forward with these proceedings.

Sincerely,

Todd M. Church

TMC

Enclosure

cc:    Tom Kayes, Keller Lenkner LLC

FIRMWIDE:162018424.2 094178.1082

# EXHIBIT O



NOTICE TO ALL PARTIES                                                    January 23, 2019

     In Re: Uber/Keller Lenkner Arbitrations

Dear Counsel,

JAMS has received and reviewed the parties' submissions with regard to the matters filed in
California, Massachusetts and New York.

<u>California Arbitrations.</u>

There are currently approximately 8,500 arbitration demands filed at JAMS in California. The
Keller firm has filed an out of state attorney application related to 40 of these cases, to permit
out of state attorneys to represent parties in California. Uber's objection to this application is
currently pending before JAMS-designated Hearing Officer Richard Posell, who will determine
this pursuant to California Code of Civil Procedure 1282.4. Mr. Posell has confirmed, and JAMS
agrees, that his decision will be limited to the application filed related to these 40 cases. With
this clarification, the hold on the remaining California arbitrations is hereby lifted.

<u>Massachusetts and New York.</u>

JAMS has received about 3,400 arbitration demands filed by the Keller firm in Massachusetts
and New York (and additional demands in other jurisdictions). No filing fees have been paid in
these cases. JAMS normal administrative policies require that a filing fee be paid prior to any
administrative services. Uber has raised significant objections regarding the Keller Firm's ability
to represent or pursue these arbitrations on behalf of the claimants. Uber requests that JAMS
review these issues on a global administrative basis. Claimants oppose Uber's objections and
oppose any review or decision on a collective basis.

It is JAMS desire and obligation to provide an efficient and effective process. The strong
positions of each side, which appear rooted in counsels' diligent representation of their clients,
has placed this goal at odds with the parties' requests and written arbitration agreement. Our
obligation is to remain neutral in the face of these competing litigation strategies. And while it
is not our preference to force the parties to litigate these issues seriatim, our policies and
procedures, absent party agreement otherwise, require that we collect a filing fee in each case

to be pursued.  Further, the parties' arbitration agreement appears to clearly prohibit collective determination of any issue absent party agreement.  (See, for example, Technology Services Agreement, Section 15.3.i. ". . . binding arbitration on an individual basis only and not by way of court or jury trial, or by way of class, collective or representative action."; "This Agreement is intended to require arbitration of every claim or dispute that lawfully can be arbitrated. . ." Section 15.3.v. "The arbitrator shall have no authority to consider or resolve any claim or issue any relief on any basis other than an individual basis.  The Arbitrator shall have no authority to consider or resolve any claim or issue any relief on a class, collective, or representative basis.")  Therefore, absent party agreement otherwise, JAMS must proceed in the normal course following receipt of the filing fees by commencing and appointing an arbitrator to each case.

JAMS is mindful of the significant resources (both in time and expense) expended by all parties and counsel in determining the best path forward to resolve these matters in multiple jurisdictions.  JAMS strongly encourages the parties to consider engaging a third party (whether a mediator, arbitrator or administrative representative) to assist the parties in addressing the variety of process issues presented by numerous cases proceeding in multiple jurisdictions.  To the extent the parties would like assistance in this regard, please let your case manager know, or the parties may reach out to me directly.

Sincerely,

Sheri Eisner
Vice President, General Counsel
Co-Chair, National Arbitration Committee
seisner@jamsadr.com

**PROOF OF SERVICE BY E-Mail**

In Re:  Uber/Keller Lenkner Arbitrations

I, Sandra Chan, not a party to the within action, hereby declare that on January 23, 2019, I served the attached LETTER RE CALIFORNIA, MASSACHUSETTS AND NEW YORK ARBITRATIONS DATED JANUARY 23, 2019 on the parties in the within action by electronic mail at San Francisco, CALIFORNIA, addressed as follows:

Warren D. Postman Esq.
Keller Lenkner LLC
1300 "I" St. NW
Suite 400E
Washington, DC  20005
Tel: 202-749-8334
Email: wdp@kellerlenkner.com
    Parties Represented:
    Flemons, Keisha

Thomas Kayes Esq.
Ashley C. Keller Esq.
Marquel Reddish Esq.
Keller Lenkner LLC
150 N. Riverside Plaza
Suite 2570
Chicago, IL  60606
Tel: 312-741-5220
Email: tk@kellerlenkner.com
ack@kellerlenkner.com
mpr@kellerlenkner.com
    Parties Represented:
    Flemons, Keisha
    Keisha Flemons

Michelle K. Camp Esq.
Keller Lenkner LLC
10880 Wilshire Blvd.
Suite 1101
Los Angeles, CA  90024
Email: mkc@kellerlenkner.com
    Parties Represented:
    Flemons, Keisha

Sophia Behnia Esq.
Littler Mendelson
333 Bush St.
34th Floor
San Francisco, CA  94104
Tel: 415-276-2561
Email: Sbehnia@littler.com
    Parties Represented:
    Uber Technologies, Inc.

Andrew M. Spurchise Esq.
Littler Mendelson
900 Third Ave.
8th Floor
New York, NY  10022
Tel: 212-583-2684
Email: aspurchise@littler.com
    Parties Represented:

Francis Bingham Esq.
Littler Mendelson
One International Place
Suite 2700
Boston, MA  02110
Tel: 617-378-6075
Email: fbingham@littler.com
    Parties Represented:

Uber Technologies, Inc.                    Uber Technologies, Inc.

Jennifer Hanna Esq.
Keller Lenkner LLC
150 N. Riverside Plaza
Suite 2570
Chicago, IL   60606
Tel: 312-741-5220
Email: jh@kellerlenkner.com
    Parties Represented:
    Keisha Flemons

        I declare under penalty of perjury the foregoing to be true and correct. Executed at San

Francisco, CALIFORNIA on January 23, 2019.

/Sandra Chan
JAMS
SChan@jamsadr.com