STEPHEN G. LARSON (SBN 145225)
Email:  slarson@larsonobrienlaw.com
PAUL A. RIGALI (SBN 262948)
Email:  prigali@larsonobrienlaw.com
R.C. HARLAN (SBN 234279)
Email:  rcharlan@larsonobrienlaw.com
LARSON O'BRIEN LLP
555 S. Flower Street, Suite 4400
Los Angeles, California  90071
Telephone:  (213) 436-4888
Facsimile:   (213) 623-2000

Attorneys for Petitioners
MARCIANO ABADILLA, et al.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARCIANO ABADILLA, et al.<br><br>　　　　　　　Petitioners,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　　　Respondent. | Case No. 3:18-cv-07343-EMC<br><br>**PETITIONERS' NOTICE OF MOTION AND MOTION FOR RELIEF FROM CIVIL LOCAL RULE 16-2 AND ADR LOCAL RULE 3-3(a), AND FOR AN ORDER REMOVING THIS MATTER FROM THE ADR MULTI-OPTION PROGRAM**<br><br>Date: March 14, 2019<br>Time: 1:30 p.m.<br>Courtroom: 5 - 17th Floor<br><br>Judge: Hon. Edward M. Chen<br><br>Complaint Filed: December 5, 2018<br>Trial Date: None set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, March 14, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard in the above court, before the Honorable Edward M. Chen, the District Judge assigned to this matter, United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 5 - 17th Floor, located at 450 Golden Gate Avenue, San Francisco, California 94102, Petitioners will and hereby do move this Court, pursuant to ADR Local Rule 3.3(c) and Civil Local Rule 7, for an Order Relieving Petitioners from the Civil Local Rule 16-2 and ADR Local Rule 3.3(a)'s automatic referral of this Case to the Northern District of California's Alternative Dispute Resolution Multi-Option Program.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Paul Rigali, the [Proposed] Order, all records on file with this Court, and such other and further oral and written arguments as may be presented at, or prior to, the hearing on this matter.

Dated: February 1, 2019                    LARSON O'BRIEN LLP

By: */s/ Stephen G. Larson*
    STEPHEN G. LARSON
    PAUL A. RIGALI
    R.C. HARLAN

Attorneys for Petitioners
MARCIANO ABADILLA, et al.

## I.  INTRODUCTION

This sole purpose of this case is to require Respondent to engage in the form of alternative dispute resolution agreed to by the parties. Petitioners are 12,501 individuals who have filed demands for arbitration with JAMS against Respondent Uber Technologies, Inc. ("Uber"). As alleged in the Petition, Uber has refused to pay the fees necessary to commence these arbitrations, thereby breaching the explicit terms of the Parties' arbitration agreements. Petitioners seek an order requiring Uber to pay the fees necessary to commence their arbitrations. No other relief is requested, and Petitioners' underlying claims in the arbitrations will not be litigated before this Court. Accordingly, Petitioners believe that assignment of this matter to the Northern District's ADR Multi-Option Program is not necessary or appropriate. As contemplated by ADR Local Rule 3-3(c), Petitioners seek an order relieving Petitioners from automatic referral of this matter to the ADR Multi-Option Program.

Additionally, through this motion, Petitioners request not only that this matter be removed from the ADR Multi-Option Program, but that Uber's request for an order requiring submission of ADR Certifications bearing the signatures of all 12,501 Petitioners be denied. Uber's request for relief is nothing more than an attempt to delay the Court's ruling on Petitioner's motion to compel Uber to comply with the parties' arbitration agreements.

## II.  BACKGROUND

On December 5, 2018, Petitioners initiated this matter by filing a Petition to Compel Arbitration, asking this Court to force Uber to arbitrate their claims pursuant to the terms of the parties' arbitration agreements. (ECF No. 1.) On December 6, 2018, the Court issued an Order Setting Initial Case Management Conference and ADR Deadlines. (ECF No. 5.) That Order automatically assigned this matter to the Northern District's Alternative Dispute Resolution ("ADR")

Multi-Option Program, thereby triggering the requirements of ADR Local Rule 3-5.

ADR Local Rule 3-5(a) provides that "as soon as feasible after filing or removal…counsel must meet and confer to discuss the available ADR processes, to identify the process each believes will be most helpful to the parties' settlement efforts, to specify any formal or informal exchange of information needed before an ADR session, and to attempt to agree on an ADR process and a deadline for the ADR session."  Thereafter, the parties are required to file ADR Certifications attesting that counsel and the parties have complied with ADR Local Rule 3-5(b).

On January 23, 2019, counsel for Uber notified undersigned counsel for Petitioners that, "[g]iven the parties' prior discussions, we're not inclined to agree to an ADR method at this point, so we intend to indicate that we prefer to discuss ADR options at the next case management conference." (Rigali Declaration, Ex. A.).  On January 24, 2019, Petitioners filed their ADR Certification, signed by Petitioners' counsel.  (ECF No. 67.)  On January 25, 2019, counsel for Uber filed a notice of violation of the ADR Local Rules, asking this Court to order Petitioners to submit 12,501 signed ADR Certifications.  (ECF No. 68.)

### III.   ARGUMENT

In light of Uber's counsel's acknowledgement that ADR is not appropriate for this matter, Petitioners bring this motion to remove this case from the ADR Multi-Option Program.

To begin with, assigning this matter to the ADR Multi-Option Program does not further the purpose of this Court's ADR programs.  The ADR Local Rules recognize that the purpose of the ADR program is "to make available to litigants a broad range of court-sponsored ADR processes to provide quicker, less expensive and potentially more satisfying alternatives to continuing litigation without impairing the quality of justice or the right to trial."  ADR L.R. 1-2(a).  One of

those potential ADR programs is private arbitration—the very process this case seeks to compel.

Here, Petitioners and Uber agree that their disputes are governed by an arbitration agreement.  (ECF No. 53, at 3.)  That agreement is broad, and it requires the parties to submit all disputes to an arbitrator.  This includes issues of arbitrability, and, more specifically, disputes regarding payment of arbitration fees.  (*See* ECF No. 3-2 at 21 ("In all cases where required by law, the Company will pay the Arbitrator's and arbitration fees.  If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned equally between the Parties or as otherwise required by applicable law.  However, you will not be required to bear any type of fee or expense that you would not be required to bear if you had filed the action in a court of law.  ***Any disputes in that regard will be resolved by the Arbitrator as soon as practicable after the Arbitrator is selected, and Company shall bear all of the Arbitrator's and arbitration fees until such time as the Arbitrator resolves any such dispute.***") (emphasis added).)  Given the plain terms of the arbitration agreement, the parties are obligated to resolve all issues—including apportionment of fees—in arbitration.  Accordingly, assignment of this matter to the ADR Multi-Option Program does not further the purpose of this Court's ADR programs, but instead is redundant of the purpose of this entire matter and the pending motion to compel.

In addition, the other ADR options contemplated by the ADR Multi-Option Program would not encourage settlement of this dispute.  Indeed, the sole relief requested in this matter is an order compelling ADR:  the private arbitration contractually agreed to by the parties.  All parties agree that an arbitration agreement exists and is enforceable, and neither Petitioners nor Uber contend that this Court should adjudicate the merits of any of Petitioners' employment claims against Uber.

///

Lastly, Uber's insistence that Petitioners submit 12,501 signed ADR Certifications pursuant to ADR Local Rule 3-5 illustrates the gamesmanship in which Uber will engage to deny Petitioners' access to the ADR process—arbitration—that Uber promised to provide.  Requiring Petitioners to submit individual, signed certifications would do nothing to further the spirit of the ADR Local Rules or promote alternative dispute resolution.  The purpose of the ADR certification requirement is to ensure that litigants are aware of their ADR options, including "encourage[ing] civil litigants to consider use of ADR programs operated by private entities." L.R. 16-8(a).  Petitioners need not file 12,501 ADR certifications to certify that they are aware of "ADR programs operated by private entities," because each Petitioner has a pending arbitration demand with JAMS and has invoked this court's authority solely to enforce an existing agreement to submit disputes to ADR.

The only reason Petitioners filed an action in federal court was to compel Uber to participate in the ADR method adopted by their arbitration agreements. Rather than inundate this Court and its staff with 12,501 certifications—certifications that Petitioners believe are unnecessary given the context of this case—Petitioners instead request that this Court remove this case from the ADR Multi-Option Program.  *See* ADR L.R. 3-3(c).

## IV. <u>CONCLUSION</u>

Petitioners respectfully request that this Court relieve Petitioners from the automatic referral of this matter to the ADR Multi-Option Program under Local Rule 16-2, order that this matter be removed from the ADR Multi-Option Program, and take no action with respect to Uber's s Notice of Violation. *See, e.g.*, *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program,* 963 F. Supp. 2d 950, 976 (N.D. Cal. 2013) (granting Defendants' motion for relief from ADR Local Rule 5–12).

///

Dated: February 1, 2019            LARSON O'BRIEN LLP

By: */s/ Stephen G. Larson*
    STEPHEN G. LARSON
    PAUL A. RIGALI
    R.C. HARLAN

Attorneys for Petitioners
MARCIANO ABADILLA, et al.