STEPHEN G. LARSON (SBN 145225)
Email:  slarson@larsonobrienlaw.com
PAUL A. RIGALI (SBN 262948)
Email:  prigali@larsonobrienlaw.com
R.C. HARLAN (SBN 234279)
Email:  rcharlan@larsonobrienlaw.com
LARSON O'BRIEN LLP
555 S. Flower Street, Suite 4400
Los Angeles, California  90071
Telephone: (213) 436-4888
Facsimile:  (213) 623-2000

Attorneys for Petitioners
MARCIANO ABADILLA, et al.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MARCIANO ABADILLA, et al. <br><br> Petitioners, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., <br><br> Respondent. | Case No. 3:18-cv-07343-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: April 18, 2019 <br> Time: 1:30 p.m. <br> Courtroom: 5 – 17th Floor <br> Judge: Hon. Edward M. Chen <br><br> Action Filed: December 5, 2018 |

| | |
|---|---|
| 1 | KEITH A. JACOBY, Bar No. 150233<br>kjacoby@littler.com |
| 2 | LITTLER MENDELSON, P.C.<br>2049 Century Park East, 5th Floor |
| 3 | Los Angeles, CA  90067.3107<br>Telephone:    310.553.0308 |
| 4 | Facsimile:    310.553.5583 |
| 5 | ANDREW M. SPURCHISE, Bar No. 245998<br>aspurchise@littler.com |
| 6 | KEVIN R. VOZZO, Bar No. 288550<br>kvozzo@littler.com |
| 7 | LITTLER MENDELSON, P.C.<br>900 Third Avenue |
| 8 | New York, New York  10022.3298<br>Telephone:    212.583.9600 |
| 9 | Facsimile:    212.832.2719 |
| 10 | SOPHIA BEHNIA, Bar No. 289318<br>sbehnia@littler.com |
| 11 | LITTLER MENDELSON, P.C.<br>333 Bush Street, 34th Floor |
| 12 | San Francisco, California  94104<br>Telephone:    415.433.1940 |
| 13 | Facsimile:    415.399.8490 |
| 14 | Attorneys for Respondent<br>UBER TECHNOLOGIES, INC. |

# JOINT CASE MANAGEMENT STATEMENT

Pursuant to the March 26, 2019 Clerk's Notice [Dkt. 80], Petitioners Marciano Abadilla, et al. ("Petitioners") and Respondent Uber Technologies, Inc. ("Uber"), by their undersigned counsel, respectfully submit the following Joint Case Management Statement.

## I. JURISDICTION AND SERVICE

There are no issues with personal or subject matter jurisdiction at this time, nor are there any issues with service of process.

### A. Petitioners' Statement

Petitioners contend that the Court has subject matter jurisdiction to issue an order compelling arbitration according to the terms of Uber's arbitration provisions. 9 U.S.C. § 4 expressly provides courts with jurisdiction to enter orders "directing" an arbitration to "proceed in the manner provided for" under an arbitration agreement where, as here, "[a] party [is] aggrieved by the alleged failure, neglect, or refusal of another to arbitration under a written agreement for arbitration[.]"

### B. Uber's Statement

Respondent has asserted and continues to assert that, respectfully, this Court lacks jurisdiction because Petitioners agreed to arbitration, and the delegation clause in the applicable arbitration agreement requires that all disputes regarding arbitrability, including filing fee payments, must be resolved by the arbitrator. (Dkt.53). *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016) (enforcing delegation clause that "clearly and unmistakably delegated the question of arbitrability to the arbitrator for all claims except challenges to the class, collective, and representative action waivers in the 2013 Agreement"); *see also O'Connor v. Uber Techs., Inc.,* 904 F.3d 1087, 1093 (9th Cir. 2018) ("based on our decision in Mohamed, the district court's orders denying Uber's motions to compel arbitration must be reversed"). To the extent the Court does not order this dispute to arbitration, Respondent may contest subject matter jurisdiction on alternative grounds.

///

///

## II. FACTS

### A. Petitioners' Statement

Petitioners are 12,501 individuals who drive for Uber under the terms set forth in either section 15.3 of the Rasier Technology Services Agreement or section 15.3 of the Portier P2P Flow Services Agreement (collectively, the "Arbitration Provisions"). All Petitioners have previously served arbitration demands with JAMS, as contemplated by the Arbitration Provisions.

### B. Uber's Statement

Respondent does not disagree with Petitioners' statement of the facts other than to note that Petitioners do not drive for Uber. Petitioners are independent contractors who use the Uber software application to find riders looking for transportation services. Respondent would also like to add that the Petitioners are represented by Keller Lenkner in the arbitrations, *i.e.*, the law firm this Court disqualified from suing Uber on driver misclassification issues. *See* Order Granting Defendants' Motion to Disqualify, *Diva Limousine, Ltd. v. Uber Techs., Inc.*, Case No. 3:18-cv-05546-EMC (N.D. Cal. Jan. 9, 2019).

## III. LEGAL ISSUES

Petitioners contend that the sole legal issue presented by this Petition is whether Uber should be compelled to adhere to its Arbitration Provisions.

Respondent contends that the sole legal issue is whether the delegation clause in the Arbitration Provisions is enforceable. The 9th Circuit has definitively ruled that the delegation clause here is enforceable. *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016) (enforcing delegation clause that "clearly and unmistakably delegated the question of arbitrability to the arbitrator for all claims except challenges to the class, collective, and representative action waivers in the 2013 Agreement"); *see also O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1093 (9th Cir. 2018) ("based on our decision in Mohamed, the district court's orders denying Uber's motions to compel arbitration must be reversed").

## IV. MOTIONS

Petitioners have filed a motion to compel arbitration, which is fully briefed. Petitioners

do not currently anticipate filing any further motions.

To the extent this Court does not enforce the delegation clause in the Arbitration Provisions, Uber may move to disqualify Larson O'Brien as counsel of record in light of Larson O'Brien's apparent relationship with Keller Lenkner. Uber may file additional motions if necessary.

## V. AMENDMENT OF THE PLEADINGS

Petitioners have not amended the Petition. Given the narrow scope of this matter, Petitioners do not believe any amendments will be necessary. However, Petitioners reserve all rights to do so in the future.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the ESI Guidelines and Checklist. Given the unresolved issues that are likely to shape the scope of this litigation, such as the arbitration motion, the parties plan to work cooperatively to continue their dialogue regarding reasonable preservation as the case continues.

## VII. DISCLOSURES

The parties do not believe the exchange of initial disclosures is necessary in this matter in light of the pending arbitration motion.

## VIII. DISCOVERY

None of the parties has taken discovery to date. The parties do not believe that discovery is necessary at this juncture in light of the pending arbitration motion

## IX. CLASS ACTIONS

### A. Petitioners' Statement

Petitioners do not presently anticipate filing a class action complaint or a motion for class certification. That said, if Uber's refusal to arbitrate continues, Petitioners reserve all rights to file a class action complaint. If this occurs, Petitioners believe this case would be ripe for the certification of a class because the issues common to the class (e.g., whether Uber misclassified its drivers as independent contractors) predominate over any purported individualized issues.

///

### B. Uber's Statement

This case is not appropriate for class action treatment because all Petitioners agreed to individually arbitrate their claims. As explained at length in Uber's opposition to Petitioners' motion, Uber has not refused to arbitrate. (Dkt.53). Instead, Petitioners have refused to honor their obligation to pay their portion of the initial filing fees, and their lawyers in the arbitration (Keller Lenkner) have not applied to be admitted *pro hac vice* in California.

## X. RELATED CASES

On December 11, 2018, the Court granted Petitioners' Motion for Administrative Relief to Consider Whether Cases Should be Related, relating the case to *O'Connor v. Uber Techs., Inc*. *See* Case 3:18-cv-07343-RS, Dkt. No. 24 (N.D. Cal. Dec. 11, 2018); Case 3:13-cv-03826-EMC, Dkt. No. 909 (N.D. Cal. Dec. 11, 2018).

## XI. RELIEF

Petitioners seek an order compelling Uber to arbitrate according to the terms of the Arbitration Provisions by requiring it to timely pay the outstanding arbitration filing fees within 30 days, requiring Uber to pay the arbitrator's retainer fee within 14 days of paying the filing fee, and requiring Uber to adhere to that schedule for any forthcoming individual arbitration demands.

Respondent seeks an order enforcing the delegation clause in the Arbitration Provision that the 9th Circuit has already enforced. *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016) (enforcing delegation clause that "clearly and unmistakably delegated the question of arbitrability to the arbitrator for all claims except challenges to the class, collective, and representative action waivers in the 2013 Agreement"); *see also O'Connor v. Uber Techs., Inc.,* 904 F.3d 1087, 1093 (9th Cir. 2018) ("based on our decision in Mohamed, the district court's orders denying Uber's motions to compel arbitration must be reversed").

## XII. SETTLEMENT AND ADR

On February 4, 2019, this Court granted Petitioners' Motion for Relief from Civil Local Rule 16-2 and ADR Local Rule 3-3(a), removing this case from the Northern District of California's Alternative Dispute Resolution Multi-Option Program. *See* Dkt. No. 75.

### XIII. CONSENT TO MAGISTRATE FOR ALL PURPOSES

This case has been assigned to the Hon. Edward Chen, and the parties do not believe assignment to a Magistrate at this time is warranted.

### XIV. OTHER REFERENCES

The parties believe that this case is not suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

The parties are not aware of any issues that can be narrowed at this time.

### XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe an expedited trial procedure is appropriate for this case.

### XVII. SCHEDULING

Because the sole matter to be decided by this Court is Petitioners' pending Motion to Compel Arbitration, the parties do not believe it is necessary to propose dates for a motion to dismiss, motion for class certification, designation of experts, discovery cut-off, hearing of dispositive motions, and a pretrial conference and trial.

### XVIII. TRIAL

The parties do not anticipate a trial being necessary in this matter because the sole matter to be decided by this Court is Petitioners' pending Motion to Compel Arbitration.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Petitioners do not believe they are required to file a statement pursuant to Local Rule 3-15 because Petitioners are not associated with persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (a) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (b) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Respondent filed a Certification of Interested Entities or Persons on January 7, 2019 (Dkt. 43).

///

**XX.   PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.   CONCLUSION**

If the Court desires any further information in advance of the Case Management Conference, the parties are willing to provide it.

Dated: April 11, 2019                                     LARSON O'BRIEN LLP


By:   /s/ RC Harlan
        STEPHEN G. LARSON
        PAUL A. RIGALI
        R.C. HARLAN

Attorneys for Petitioners
MARCIANO ABADILLA, et al.

Dated: April 11, 2019                                     LITTLER MENDELSON, P.C.


By:   /s/ Sophia Behnia
        SOPHIA BEHNIA

Attorneys for Respondent
UBER TECHNOLOGIES, INC.

**<u>ATTESTATION</u>**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated: April 11, 2019                                     LARSON O'BRIEN LLP


By: /s/ RC Harlan
        RC Harlan
Attorneys for Petitioners
MARCIANO ABADILLA, et al.